**Richmond**

WILMER JEROME KNIGHT

v.

COMMONWEALTH OF VIRGINIA

No. 2125-92-2

Decided April 12, 1994

208

COUNSEL

Susan D. Hansen, Assistant Public Defender (David J. Johnson, Public Defender; Jody Jacobson Pruett, Assistant Public Defender, on brief), for appellant.

Robert B. Condon, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

ELDER, J.—Wilmer J. Knight appeals his convictions for possession of cocaine, possession of heroin, possession of a weapon while unlawfully possessing a controlled substance, and possession of a firearm after having been convicted of a felony. On appeal, he contends (1) that the trial court erred in failing to grant a mistrial, give a cautionary instruction or fashion some other form of relief in response to the introduction of prejudicial information by the prosecution, where that information had not previously been furnished to counsel for appellant as agreed upon pursuant to a discovery stipulation; and (2) that the trial judge's comments during appellant's voir dire and closing argument constituted improper references to appellant's credibility and the weight of the evidence, thereby requiring reversal. For the reasons that follow, we affirm the convictions.

On the morning of July 27, 1992, Detective Carter arrived at the apartment of Gwendolyn Turnage to serve capiases on appellant and Turnage, his girlfriend. Turnage answered the door and was immediately detained. Carter then found appellant asleep in one of the upstairs bedrooms. Next to the bed, Carter found an open lavender-colored gym bag containing handguns and ammunition. On top of the dresser in that room, he found a pager, later shown to have belonged to appellant, a notebook, jewelry, money and a baggie containing heroin and cocaine. In the kitchen, Carter found a nine millimeter clip. After being advised of his *Miranda* rights, appellant claimed ownership of the drugs, stating that Turnage "had nothing to do with it." During a subsequent interview, he mentioned the guns, stating that "[t]hey had been brought to him by another individual [under investigation] but that they were not his guns."

Turnage testified that she had returned from North Carolina on July 26 and had been unsuccessful in her attempts to contact appellant. She had a headache and went to bed early without seeing appellant. Neither the drugs nor the guns were in the room at that time. She did not wake up until the police arrived at her apartment the next morning. Turnage testified at trial that the jewelry

on the dresser belonged to a friend of hers, that the change was hers, and that the beeper was a gift from her to appellant. She testified that neither the guns nor the drugs were hers and that she had seen appellant mix heroin and cocaine on prior occasions. Finally, she testified that a man driving a white jeep had tried to leave some guns for appellant at her apartment on July 26 but she had refused.

Turnage's thirteen-year-old babysitter, Latosha Cheetham, testified that on the evening of July 26, appellant came to Turnage's apartment with two other men. All three men left, but the two returned later without appellant. While Latosha ironed downstairs, the men went upstairs and came back down. At some point during their second visit, one of them had the lavender gym bag in his possession but did not leave the apartment with it.

Prior to trial, appellant and the Commonwealth stipulated in relevant part:

> That the Commonwealth will disclose and permit the defendant to inspect and copy:
>
> 1. All relevant written or recorded or videotaped statements or confessions made by the accused.
> 2. The substance of any oral statements or confessions made by the accused to any law enforcement officer
> . . . .

Although appellant's counsel had the opportunity to interview Detective Carter—one of the officers involved in appellant's arrest—prior to trial, the only information revealed to appellant's counsel pursuant to the stipulation was that appellant had admitted "that the drugs were his and [that] his girlfriend had nothing to do with it." On this basis, appellant's counsel presented as her theory of the case that the drugs really belonged to Turnage, who was pregnant, and that appellant confessed to protect her from losing her housing as a result of the drug charge. Detective Carter testified on direct examination, however, that appellant had told him that the guns "were not his guns [and that] [t]hey had been brought to him by another individual who [was under investigation]." Appellant immediately requested a cautionary instruction and moved for a mistrial. The trial judge denied these motions on a variety of grounds. He stated that appellant should have filed a

written discovery motion instead of a stipulation; that failure to reveal the statement was not necessarily a violation because it was not in writing; that counsel for appellant should have obtained this information from appellant; and that any error could be remedied by thorough cross-examination of Detective Carter as to his prior omission of this information. Ultimately, he ruled that failure to disclose the statement prior to trial was not prejudicial.

During *voir dire*, counsel for appellant asked the venire if they could disregard their knowledge of appellant's prior conviction for possession of cocaine so that it would not "bias his innocence today." The trial judge then interjected, "It's going to happen if they find hi[m] guilty," to which counsel responded, "Yes, sir, but not in the facts finding the determination of his guilt or, not for his guilt or innocence but for the offenses on July the 27th." Counsel made no specific objection to the court's remarks nor did she request a cautionary instruction or move for a mistrial.

During appellant's closing argument, counsel pointed to the lack of evidence to show that appellant had ever touched the guns or drugs, at which point the court cautioned her "to argue the evidence." Counsel asserted that "the evidence is that there were no fingerprints taken," to which the trial court responded, "That doesn't make any difference. There is evidence that he was there." Again, counsel made no specific objection to the court's remarks nor did she request a cautionary instruction or move for a mistrial.

## I.

First, we consider appellant's claim that the trial court erred in failing to grant him any sort of relief based on the Commonwealth's noncompliance with the discovery stipulation.

"Under Virginia Rule 3A:11(b)(1)(i), . . . a defendant may obtain copies of . . . the substance of any oral statements of the accused made to any law enforcement officer, the existence of which is known to the attorney for the Commonwealth." *Stotler v. Commonwealth*, 2 Va. App. 481, 483, 346 S.E.2d 39, 40 (1986). Under Code § 19.2-265.4, this duty to disclose is continuing, and in the case of a violation, "the court may order the Commonwealth to permit the discovery or inspection, grant a continuance, or prohibit the Commonwealth from introducing evidence not disclosed, or the court may enter such other order as it deems just

under the circumstances." The relief to be granted following the late disclosure of evidence is within the trial court's discretion. Absent a showing that the late disclosure prejudiced the defense, it is not an abuse of discretion for the trial court to refuse to exclude the challenged evidence. *Moreno v. Commonwealth*, 10 Va. App. 408, 420, 392 S.E.2d 836, 844 (1990) (citing Code § 19.2-265.4).

■■■ The Due Process Clause of the United States Constitution also provides that failure to disclose *exculpatory* evidence may require reversal where the evidence is material to either guilt or punishment. *Lowe v. Commonwealth*, 218 Va. 670, 679, 239 S.E.2d 112, 118 (1977), *cert. denied*, 435 U.S. 930 (1978). "[C]onstructive knowledge is attributed to the prosecutor where information is in the possession of the police, so long as the officer is not a law enforcement official of a different jurisdiction." *Conway v. Commonwealth*, 12 Va. App. 711, 715, 407 S.E.2d 310, 312 (1991) (en banc). Evidence is exculpatory if it is favorable to the accused and " 'material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome [of the trial].' " *Taitano v. Commonwealth*, 4 Va. App. 342, 349, 358 S.E.2d 590, 593-94 (1987) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *United States v. Bagley*, 473 U.S. 667, 682 (1985)) (other citations omitted). In addition, the court must "assess the reasonable probability of a different result in light of the totality of circumstances and with an awareness of the difficulty of reconstructing in a post-trial proceeding the course that the defense and the trial would have taken had the defense not been misled by the [nondisclosure]." *Taitano*, 4 Va. App. at 349, 358 S.E.2d at 594; *see Currie v. Commonwealth*, 10 Va. App. 204, 209-10, 391 S.E.2d 79, 82-83 (1990).

In denying appellant's request for a cautionary instruction or a mistrial in this case, the trial judge said that appellant should have filed a written discovery motion instead of a stipulation; that failure to reveal the statement was not necessarily a violation because it was not in writing; and that counsel for appellant should have obtained this information from appellant himself or from Detective Carter during the interview set up by the prosecutor.

Ultimately, he concluded that the evidence was not exculpatory and that its late disclosure was not prejudicial. After careful review of the record, we conclude that the trial judge did not err in denying appellant's request for a cautionary instruction and motion for a mistrial. However, several of the trial judge's interim conclusions are erroneous.

First, we consider whether the record supports the trial judge's finding that the nondisclosed evidence was not exculpatory. On the issue of guilt, we hold that this evidence was neutral rather than inculpatory or exculpatory. The Commonwealth had already disclosed the substance of appellant's statement to police that the guns and drugs were his, as opposed to his girlfriend's. His subsequent statement to police that he was holding the guns for a friend was simply not relevant to whether he was *in possession* of a firearm, as required for two of his convictions. *See* Code §§ 18.2-308.2 and 18.2-308.4. Indeed, appellant concedes as much. We also conclude, however, that this evidence was exculpatory as to punishment because the jury could have viewed it as a mitigating circumstance. If the jury believed that the guns did not belong to appellant and that he was just keeping them for a friend, it might have given him a sentence at the lower end of the statutory range. Viewed in this light, we conclude that the trial court erred in holding that the evidence was not exculpatory as to punishment.

We also find error in some of the trial judge's interim conclusions. First, we reject his assertion that discovery should have been conducted pursuant to a court order. It is irrelevant that the discovery conducted in this case was the result of stipulation by counsel rather than by court order. The prosecutor's duty of compliance and the court's remedies are the same regardless of the form. The Supreme Court equated these documents in *Hackman v. Commonwealth*, 220 Va. 710, 713, 261 S.E.2d 555, 558 (1980). Although neither a court order nor discovery stipulation existed in that case, the Commonwealth voluntarily produced certain statements made by the accused. In holding that "[t]he absence of a clarifying order [would] not prevent [it] from determining the issue on its merits," the Court nevertheless "caution[ed] members of the . . . bar . . . to have a court order or written stipulation specify precisely what is to be discoverable [in order to] avoid[ ] misunderstandings that may lead to fatal consequences on ap-

peal." *Id.* at 713, 261 S.E.2d at 557-58. Furthermore, we view agreement by stipulation as preferable to court-ordered discovery because it promotes judicial efficiency. Accordingly, we hold that the written discovery stipulation provided sufficient proof of the Commonwealth's duty of disclosure to allow judicial enforcement of any alleged noncompliance.

■ We also conclude that failure to disclose appellant's oral statement constituted a violation of the discovery stipulation even though the statement may never have been reduced to writing. The stipulation required disclosure not only of all written, recorded or videotaped statements or confessions but also of "[t]he substance of any *oral* statements or confessions made by the accused to any law enforcement officer." (emphasis added.) The wording of the stipulation is identical to the wording of Rule 3A:11(b)(1). Furthermore, Detective Carter's knowledge of appellant's statement is imputed to the Commonwealth regardless of whether the prosecutor had actual knowledge of the statement. "[I]nformation known to the police is information within the Commonwealth's knowledge and the prosecutor is obliged to disclose [it] regardless of the state of his actual knowledge." *Moreno*, 10 Va. App. at 418, 392 S.E.2d at 842-43.

■ We also find erroneous the trial judge's comment that counsel should have obtained this information from appellant or Detective Carter. Although appellant's prior knowledge of the statement might be relevant to a determination of whether its nondisclosure was prejudicial, it is irrelevant to the Commonwealth's duty to disclose it. Similarly, the mere fact that the prosecutor arranged a meeting between appellant's counsel and Detective Carter does not satisfy the discovery requirement. "The Commonwealth is charged with the responsibility to interview all government personnel involved in a case in order to comply with its discovery obligations." *Harrison v. Commonwealth*, 12 Va. App. 581, 585, 405 S.E.2d 854, 857 (1991).

Despite these errors, we agree with the trial judge's conclusion that the discovery violation was not prejudicial. This was, in fact, a case of late disclosure as opposed to nondisclosure. Therefore, the admission of this statement into evidence at trial, even if a surprise to appellant, provided the jury with the opportunity to consider it as a mitigating factor. Although appellant argues that it was inconsistent with his theory of the case that he lied to pro-

tect his pregnant girlfriend, we do not believe that these statements are inherently at odds. Appellant's second statement could be viewed as a continuing attempt to protect his girlfriend as well as to mitigate his own involvement. Considering the totality of the circumstances, we cannot conclude that "there is a reasonable probability that, had the evidence been disclosed to the defense [prior to trial], the result of the proceeding would have been different." Appellant did not request a continuance in light of the late disclosure and offered no explanation as to how his trial tactics might have been different if this statement had been disclosed before trial. *See Davis v. Commonwealth*, 230 Va. 201, 204, 335 S.E.2d 375, 377 (1985) (holding late disclosure of inculpatory evidence not prejudicial); *Frye v. Commonwealth*, 231 Va. 370, 384, 345 S.E.2d 267, 277 (1986) (holding trial court under no duty to volunteer remedy—in this case, a continuance—not requested by defendant). This is in marked contrast to the situation in *Conway v. Commonwealth*, where it was clear that the defendant would not have given certain testimony regarding his conversation with a police officer had the Commonwealth timely disclosed the existence of a tape recording of that conversation. 12 Va. App. at 714-16, 407 S.E.2d at 312-13. Because the subsequent introduction of that tape showed defendant's testimony to be false, the Court concluded that the only remedy which would afford defendant a fair trial was the granting of a mistrial, because it was too late to exclude the evidence. *Id.* at 717, 407 S.E.2d at 313. The late-disclosed evidence in this case simply did not necessitate such a drastic remedy.

Furthermore, two of appellant's witnesses provided testimony as to how the guns came to be in the house, showing that appellant's counsel had prior knowledge of their origin and an opportunity to take the information into account in developing her trial strategy. *Hamm v. Commonwealth*, 16 Va. App. 150, 154, 428 S.E.2d 517, 520 (1993) (citing *Thomas v. Commonwealth*, 244 Va. 1, 18, 419 S.E.2d 606, 615-16, *cert. denied*, 113 S. Ct. 421 (1992)) (holding that evidence known to the defense does not have to be disclosed by the prosecution).

For these reasons, we affirm the trial judge's denial of the request for a cautionary instruction and motion for a mistrial.

## II.

Appellant also argues that the trial court committed reversible error by commenting on his veracity during voir dire and on the weight of the evidence during closing argument.

We conclude that our consideration of these issues on appeal is barred because appellant failed to object properly at trial. Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The purpose of Rule 5A:18 is to provide the trial court with the opportunity to remedy any errors so that an appeal is not necessary. *See Campbell v. Commonwealth,* 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc). Although appellant's trial counsel responded in some limited fashion to each of the judge's remarks, she failed to make a contemporaneous objection, request a cautionary instruction, or move for a mistrial, thereby failing to give the trial judge the opportunity to remedy the alleged errors.

We acknowledge the difficult situation that a trial judge places counsel in by having to object to the judge's comments upon the evidence. Trial judges should be mindful of this problem when they are inclined to interject unsolicited comments during a jury trial. Nevertheless, our case law is clear that the responsibility for a timely objection or motion lies with counsel.

The Virginia Supreme Court's holding in *Johnson v. Commonwealth,* 193 Va. 502, 69 S.E.2d 340 (1952), cited by appellant, is inapposite. Although appellant cites *Johnson* for the proposition that counsel's contemporaneous discussion with the judge was sufficient to preserve the issues for appeal, the defendant in *Johnson* expressly objected to the trial court's remarks and moved for a mistrial. *Id.* at 503-04, 69 S.E.2d at 340-41. In this case, because counsel for appellant failed to object, request a cautionary instruction or move for a mistrial, this assignment of error is barred. *Cf. Cheng v. Commonwealth,* 240 Va. 26, 38-39, 393 S.E.2d 599, 605-06 (1990) (where prosecutor made improper comment during closing argument and appellant failed to request cautionary instruction or move for mistrial, assignment of error barred on appeal).

Furthermore, because it is not apparent from the face of the record that an error occurred which was "clear, substantial and material," *Brown v. Commonwealth*, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989); *see Campbell v. Commonwealth*, 14 Va. App. 988, 997, 421 S.E.2d 652, 657 (1992) (en banc) (Barrow, J., concurring), *aff'd in part and rev'd in part*, 246 Va. 174, 431 S.E.2d 648 (1993), the ends of justice exception does not require us to reach the merits in the absence of a proper objection.

For these reasons, we affirm appellant's convictions.

*Affirmed.*

Moon, C.J., and Coleman, J., concurred.