COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


ALFONSO LAWRENCE RUSH, III

v.       Record No. 2058-94-2       MEMORANDUM OPINION[*] BY
                                     JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA              MARCH 26, 1996

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Paul M. Peatross, Jr., Judge

Norman Lamson for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


Alfonso Lawrence Rush, III (appellant) was convicted in a jury trial of four counts of distribution of cocaine in violation of Code § 18.2-248(a).  On appeal, he argues that the trial court erred in:  (1) refusing to dismiss the indictments against him when each indictment pled separate offenses in the disjunctive, and (2) denying his motion to strike when the Commonwealth failed to provide exculpatory evidence as requested.  For the reasons that follow, we affirm.

**BACKGROUND**

Charles Dolan (Dolan) was a paid informant for the Charlottesville Joint Narcotics Unit.  In the fall of 1993, Dolan was contacted by Detectives Charles Burton (Burton) and Andre Jolie (Jolie) to make undercover drug purchases.  Dolan was a

---
[*]Pursuant to Code § 17.116.010 this opinion is not designated for publication.

drug user and had been convicted in 1988 of possession of cocaine with intent to distribute and possession of cocaine while in the possession of a firearm.

As part of this operation, Dolan purchased cocaine from appellant on four dates--September 27, and November 9, 11, and 12, 1993.  On each occasion, Burton and Jolie set up a video camera and microphone in Dolan's van, and gave him money to purchase drugs and twenty dollars for gas money.  Dolan would then leave and stop for gas, beer, and cigarettes.  Dolan videotaped each transaction with appellant.  After each sale, Dolan would meet Burton and Jolie, who removed the drugs and videotape from Dolan's van.

**VALIDITY AND SUFFICIENCY OF INDICTMENTS**

Appellant argues that the indictments were invalid because they pled separate offenses in the disjunctive.  Additionally, he asserts that the indictments provided insufficient notice of the nature and cause of the charges against him.

Each indictment against appellant cited Code § 18.2-248 and read as follows:

> On or about [date], in the County of Albemarle, ALFONSO LAWRENCE RUSH, 3RD did unlawfully and feloniously sell, give or distribute cocaine, a Schedule II controlled substance.

Before trial, appellant moved to dismiss the indictments, arguing that the disjunctive wording charged separate offenses in one count.  The trial court denied the motion.  Appellant did not

2

request a bill of particulars, or ask that the Commonwealth's attorney elect which charge to prosecute. As to each charge, the trial court instructed the jury that "[t]he defendant . . . is charged with the crime of distributing cocaine." (Emphasis added). Each jury verdict form also limited the charged crime to "distribution of cocaine."

> Duplicity is the charging of separate offenses in a single count. This practice is unacceptable because it prevents the jury from deciding guilt or innocence on each offense separately and may make it difficult to determine whether the conviction rested on only one of the offenses or both. . . . Duplicity usually occurs because of prosecutor error in assuming that a particular statute creates a single offense which may be committed by multiple means (properly chargeable in a single count) rather than several offenses.

2 Wayne R. LaFave & Jerold H. Israel, Criminal Procedure § 19.2(e), at 457 (1984) (footnotes omitted). The Virginia Supreme Court has held that Code § 18.2-248(a) "creates only a single offense . . . the illegal transfer of controlled drugs." Stillwell v. Commonwealth, 219 Va. 214, 222, 247 S.E.2d 360, 365 (1978).

In this case, the trial court did not err in refusing to dismiss the indictments. An indictment that tracks the language of Code § 18.2-248(a) charges a single offense that can be committed by several means. Even if the indictments were duplicitous, the appropriate remedy for a duplicitous indictment is to "force the government to elect the offense upon which it

3

will proceed, . . . not require the dismissal of the indictment."
2 LaFave & Israel, supra, § 19.2(e), at 457.

Additionally, the indictments provided appellant with sufficient notice of the nature and cause of the charges against him. Code § 19.2-220 provides as follows:

> The indictment or information shall be a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date. In describing the offense, the indictment or information may use the name given to the offense by the common law, or the indictment or information may state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged.

The indictment should also "cite the statute or ordinance that defines the offense or, if there is no defining statute or ordinance, prescribes the punishment for the offense." Rule 3A:6(a). "Both the United States and Virginia Constitutions recognize that a criminal defendant enjoys the right to be advised of the cause and nature of the accusation lodged against him. The important concerns evident in these provisions are fully honored by Virginia Code §§ 19.2-220, -221." Simpson v. Commonwealth, 221 Va. 109, 114, 267 S.E.2d 134, 138 (1980) (footnote omitted). These indictments complied with the requirements of Code § 19.2-220 and Rule 3A:6(a), and appellant was provided with sufficient notice of the charges against him.

4

## EXCULPATORY EVIDENCE

Appellant next argues that the trial court erred in denying his motion to strike when the Commonwealth failed to provide requested exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).

Appellant filed a pretrial Brady motion, requesting exculpatory evidence. The Commonwealth failed to disclose prior to trial the following evidence about Dolan: (1) Dolan had a drug problem and prior drug convictions; (2) Dolan bought beer before meeting appellant to buy drugs; and (3) Dolan had a five-year suspended sentence in effect until July 10, 1995. During the Commonwealth's direct examination of both Detectives Burton and Dolan at trial, Dolan's drug problem, prior convictions, and his beer purchases were addressed. Appellant did not object to this information or its untimely production. He neither requested a continuance nor claimed surprise at that time. Additionally, he had the opportunity to question Dolan at trial about these issues. After trial, appellant discovered the suspended sentence and filed post-trial motions to strike and set aside the verdict, arguing that the nondisclosure of the suspended sentence was prejudicial to him. The trial court denied these motions.

It is well established that "the Commonwealth must turn over evidence favorable to an accused that is material to either guilt or punishment. . . . [E]vidence is material, 'only if there is a

5

reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Hughes v. Commonwealth, 18 Va. App. 510, 525, 446 S.E.2d 451, 460-61 (1994) (en banc) (citations omitted). "'A "reasonable probability" is a probability sufficient to undermine confidence in the outcome [of the trial].'" Knight v. Commonwealth, 18 Va. App. 207, 212, 443 S.E.2d 165, 168 (1994) (citation omitted). "[T]he court must 'assess the reasonable probability of a different result in light of the totality of circumstances . . . .'" Id. Thus, "in order to justify reversal on appeal, an appellant must not only show that exculpatory evidence was not disclosed, but must show prejudice as a result of the Commonwealth's failure to disclose." Allen v. Commonwealth, 20 Va. App. 630, 637, 460 S.E.2d 248, 251 (1995).

Assuming that evidence of the unrelated suspended sentence is exculpatory, no prejudice resulted from the nondisclosure in the instant case. There is no reasonable probability that the outcome of appellant's trial would have been different. The evidence that appellant distributed the cocaine was overwhelming. Detective Burton and the videotape of each sale clearly identified appellant as the person who sold drugs to Dolan. Under these circumstances, a further attack on Dolan's credibility would not have impacted the jury's verdict. His drug use, prior convictions, and beer buying had all been addressed at trial. No reasonable probability exists that the outcome would

6

have been different if the information of his suspended sentence had been timely provided.

Additionally, no prejudice resulted from the late disclosure of Dolan's drug use, earlier convictions, and his purchase of beer. It was all revealed at trial. "Where an accused receives information before or at trial and is able to use it effectively, and is not otherwise able to demonstrate prejudice from the late disclosure, the discovery violation has not deprived him of a fair trial." Moreno v. Commonwealth, 10 Va. App. 408, 419, 392 S.E.2d 836, 843 (1990). The Commonwealth introduced this evidence during its direct examination of both Detectives Burton and Dolan. Appellant had the opportunity to cross-examine Dolan and failed to demonstrate that the late disclosure prejudiced him. Thus, the trial court properly denied his motions to strike and to set aside the verdict.

Accordingly, the decision of the trial court is affirmed.

Affirmed.