## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

David J. Harris

### Case No. (Criminal) 10491

By Judge James H. Chamblin

February 3, 1997

On January 14, 1997, the Court heard the representations and arguments of counsel on the following:

1. The Commonwealth's Motion to Review Discovery filed December 12, 1996;

2. The Defendant's Motion for Sanctions filed December 23, 1996; and

3. The extent of the discovery to which the Defendant is entitled under Rule 3A:11(b)(1)(i).

These matters were taken under advisement. Subsequently, on January 17, 1997, the Commonwealth filed a Memorandum in opposition to the Defendant's Sanctions Motion and in support of a discovery order filed on December 2, 1996. On January 21, 1997, the Defendant filed an Objection to the Court's considering the aforesaid Memorandum.

For the reasons that follow, the Commonwealth's Motion to Review Discovery is granted to the extent that the discovery issue is addressed herein and the Defendant's Motion for Sanctions is denied. The objection of the Defendant to the Commonwealth's Memorandum is sustained without the need for further argument.

*Rule 3A:11(b)(1)(i) Discovery*

The Commonwealth filed a Response to Discovery on October 22, 1996, in which it incorporated all the discovery responses by the Commonwealth in Criminal No. 10154 (*Commonwealth v. David J. Harris*), a prior prosecution of the Defendant on the same charges, which were nolle prossed in August 1996. The Defendant was again indicted on the charges (obtaining property under false pretenses and attempting to obtain property under false pretenses) in this case on October 15, 1996. No motion for discovery was filed by the Defendant until November 27, 1996.

In the latter part of November 1996, the Commonwealth and the Defendant exchanged proposed discovery orders. Neither accepted the other's proposed order. The Defendant praeciped the entry of a discovery order for December 6, 1996.

On December 6, 1996, the Defendant made it clear that he was seeking statements made by the Defendant under Rule 3A:11(b)(1)(i). Instead of taking the time to consider the proposed order, the Court ordered the Commonwealth to respond to the modified request for discovery on or before December 20, 1996. It was clear to the Commonwealth that the modified request for discovery related to statements of the Defendant under Rule 3A:11(b)(1)(i).

On December 12, 1996, the Commonwealth filed its Motion to Review Discovery and praeciped the motion for scheduling on December 23, 1996. On December 23, 1996, the motion was set for argument on January 14, 1997. This motion merely recited that the Commonwealth notified counsel for the Defendant by pleading (Response to Discovery) on October 22, 1996, that the Commonwealth has complied with Rule 3A:11, that the parties cannot agree on an order, and that the Commonwealth wished to resolve these issues on the record.

On December 23, 1996, the Defendant filed a Motion for Sanctions alleging that Ms. Horwatt is in contempt of court for filing the Motion to Review Discovery for willfully violating the Court's order of December 6, 1996.

Paragraph 1 of the Defendant's discovery motion filed November 27, 1996, follows the language of Rule 3A:11(b)(1)(i). The draft discovery order submitted by the Defendant only refers to "discovery information and documents provided for under Rule 3A:11(b)(1)(i)." On December 6, 1996, counsel only referred to "(b)(1)(i), the confessions, or statements, *et cetera.*"

After consideration of the arguments of counsel on January 14, 1997, I feel that the discovery issue presented is two-fold:

(1) What does "written or recorded statements or confessions made by the accused" in Rule 3A:11(b)(1)(i) mean?

(2) Does Rule 3A:11(b)(1)(i) pertain to such statements or confessions made to persons other than law enforcement officers?

My ruling on these issues is summarized as follows.

Under Rule 3A:11(b)(1)(i), only the following items, the existence of which is known by the Commonwealth's Attorney, are subject to discovery by an accused.

(a) Any statements or confessions, or copies thereof, actually written by the accused, or

(b) Any recordings of the accused making a statement or a confession, or copies thereof, whether made to a law enforcement officer, or a third party, or to no one at all.

(c) A written statement from the Commonwealth's Attorney of the substance of any oral statements or confessions made by the accused to any law enforcement officer.

The cases cited by counsel, while not directly on point, are consistent with my opinion. *Hughes v. Commonwealth*, 18 Va. App. 510 (1994), concerned non-discoverable oral statements by the accused to non-law enforcement officers. *Hackman v. Commonwealth*, 220 Va. 710 (1980), concerned non-discoverable statements of witnesses who heard the accused speak.

*Naulty v. Commonwealth*, 2 Va. App. 523 (1986), held that a videotape of the accused purchasing chemicals from an undercover agent was a recorded statement of the accused under Rule 3A:11(b)(1)(i) in a manufacturing PCP prosecution. *Knight v. Commonwealth*, 18 Va. App. 207 (1994), involved an oral statement by the accused to a police detective which is clearly discoverable under Rule 3A:11(b)(1)(i) but which was not revealed until the trial.

I am unsure of exactly what statements the Defendant is seeking. If the Commonwealth takes the position that any statement to non-law enforcement officers is not discoverable, then it is not exactly correct. I note that Ms. Horwatt in her December 6, 1996, letter to Mr. Johnson states:

> Your client has made many statements to non-law enforcement personnel, but you are not entitled to pre-trial discovery of such statements pursuant to Rule 3A:11.

She is not completely correct because the Defendant is entitled to the statements or confessions to persons other than law enforcement officers as specified in (a) and (b) above.

My decision on this discovery issue is based on the words found in Rule 3A:11(b)(1)(i). Therefore, I have prepared a discovery order consistent with this opinion and containing other relevant provisions found in the two orders submitted by counsel. Please note that I have merely placed a requirement of reasonableness as to the timing and the conditions of providing discovery with the right to come to the Court for relief if a party deems the timing or conditions are unreasonable.

In answer to a question raised at argument, there is no duty on the Commonwealth to state in a discovery response that the discovery provided therein is all the discovery of which the Commonwealth is aware. The Commonwealth has the continuing duty to provide all the discovery required by Rule 3A:11. The Defendant is entitled to rely on the discovery supplied by the Commonwealth as being all the discovery of which the Commonwealth is aware unless the response states otherwise.

### Defendant's Motion for Sanctions

The Commonwealth's Motion to Renew Discovery is not frivolous. It was not filed only to inconvenience the Defendant. Stating in the motion that the Commonwealth complied with Rule 3A:11 when it filed its pleading concerning discovery on October 22, 1996, is clearly a response to the Defendant's modified discovery request. The Motion to Review Discovery was appropriate if the Commonwealth and the Defendant disagreed over the meaning of Rule 3A:11(b)(1)(i). Although the Commonwealth has not prevailed on the issue, its position is not frivolous or asserted in bad faith. The culprit is the Rule. It is not worded as clearly as it could be. There was no need for the Defendant to file the sanctions motion. He should have just been prepared to argue his position when the Court considered the Commonwealth's Motion to Review Discovery.

The Motion for Sanctions is denied. There is nothing to sanction. The Commonwealth did comply with the Court's order from December 6, 1996, because it did "respond" to the Defendant's modified discovery request.

### Objection to the Memorandum Filed by the Commonwealth on January 17, 1997

The objection is sustained, and the Memorandum is not considered because the Court did not ask for the Memorandum. It lies within the discretion of the Court to consider a memorandum neither required by law nor requested of the

Court. The issues were fully argued on January 14, 1997. No further argument was needed.

February 4, 1997

On January 14, 1997, came Robert D. Anderson, Commonwealth's Attorney, and Karin Graham Horwatt, Assistant Commonwealth's Attorney, and came the Defendant, David J. Harris. Also came Jerry L. Johnson and David R. Young, Jr., counsel for the Defendant.

After consideration of the representations and argument of counsel as to the Commonwealth's Motion to Review Discovery filed December 12, 1996, and the Defendant's Motion for Sanctions filed December 23, 1996, the Court took both Motions under advisement as well as the issue of the extent of the discovery to which the Defendant is entitled under Rule 3A:11(b)(1)(i). Now, therefore, for the reason stated in the opinion letter dated February 3, 1997, it is ordered that the Commonwealth's Motion to Review Discovery is granted to the extent that discovery is ordered herein and that the Defendant's Motion for Sanctions is denied.

And it is further ordered that the Commonwealth's Attorney permit the attorney for the Defendant to inspect and copy or photograph the following:

(a) Any relevant written or recorded statements or confessions made by the Defendant, or copies thereof, whether made to any law enforcement officer or any other third party or to no one, the existence of which is known to the Commonwealth's Attorney;

(b) The substance of any relevant oral statements or confessions made by the Defendant to any law enforcement officer, the existence of which is known to the Commonwealth's Attorney; and

(c) Written reports of autopsies, ballistic tests, fingerprint analyses, handwriting analyses, blood, urine, and breath tests, other scientific reports, and written reports of a physical or mental examination of the Defendant or the alleged victim made in connection with this case, or copies thereof, that are known by the Commonwealth's Attorney to be within the possession, custody, or control of the Commonwealth.

Upon motion of the Commonwealth's Attorney, it is further adjudged and ordered that the Defendant shall permit the Commonwealth within a reasonable time, but not less than ten days before trial, to inspect, copy, or photograph any written reports of autopsy examinations, ballistic tests, fingerprint, blood, urine, and breath analyses, and other scientific tests that may be within the Defendant's possession, custody, or control and which the defense intends to proffer or introduce into evidence at trial or sentencing and

that the Defendant disclose to the Commonwealth within a reasonable time, but not less than ten days before trial, whether he intends to introduce evidence to establish an alibi and, if so, that the Defendant disclose the place at which he claims to have been at the time of the commission of the alleged offense and that the Defendant permit the Commonwealth to inspect, copy, or photograph any written reports of physical or mental examination of the Defendant made in connection with this case if the Defendant intends to rely upon the defense of insanity or feeblemindedness, provided, however, that no statement made by the Defendant in the course of an examination provided for by this rule shall be used by the Commonwealth in its case-in-chief, whether the examination shall be with or without the consent of the Defendant.

It is further adjudged and ordered that the discovery as set forth above shall be at reasonable times and under reasonable conditions and that either party may petition this Court for further relief should either party deem such times and conditions to be unreasonable.

It is further adjudged and ordered that pursuant to the authority in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), all evidence within the custody, control, or knowledge of the Commonwealth's Attorney which in any way may tend to exculpate the Defendant or reduce the penalty which he might suffer should he be convicted herein be produced and made available to counsel for the Defendant.

It is further ordered that all discovery provided to the Defendant by the Commonwealth in Criminal Case No. 10154, including the transcript of the Defendant's preliminary hearing on January 23, 1996, is deemed to have been provided to the Defendant in this case.