COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Annunziata and Overton
Argued at Norfolk, Virginia


RAUL ENRIQUE ALCANTARA
                                    MEMORANDUM OPINION[*]
v.         Record No. 1490-96-1    BY JUDGE JOSEPH E. BAKER
                                        MAY 20, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        Robert P. Frank, Judge

            J. Ashton Wray, Jr., for appellant.

            Robert H. Anderson, III, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.



     In this appeal from his bench trial convictions by the

Circuit Court of the City of Newport News (trial court), Raul

Enrique Alcantara (appellant) contends that his pleas of guilty

to three counts of aggravated involuntary manslaughter should be

reversed and a new trial ordered.  Appellant asserts that, at the

time he entered his pleas, the trial court erroneously advised

him that the maximum sentence he could receive was substantially

less than the punishment actually imposed.

     As the parties are familiar with the record, we recite only

those facts necessary to an understanding of this opinion.  When

determining whether appellant's pleas would be accepted, the

trial court asked appellant:
            COURT:  Do you understand that if convicted
            you could receive a sentence in the

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

>    penitentiary of not less than one, no [sic]
>    more than twenty years and that one year
>    cannot be suspended?  Do you understand that?
>
>    APPELLANT:  Yes.

In fact, appellant could have received that punishment on each of the convictions totaling as much as sixty years.

At sentencing, before imposing sentence upon appellant, the trial court noted that "[p]unishment for each count of aggravated involuntary manslaughter is fixed by statute at a period of incarceration greater of one year but no more than twenty years." (Emphasis added.)  At that time, neither appellant nor his attorney responded to the statement.  Thereafter, the trial court imposed a sentence of twenty years as punishment on each charge, or a total of sixty years in the penitentiary.  Ten years of each sentence was suspended.  Once again, neither appellant nor his attorney objected or advised the court that appellant was previously told he could receive no more than twenty years.

Subsequently, appellant moved the trial court to reconsider the sentences imposed, and the parties argued the motion to reconsider before the trial court.  Even in the motion to reconsider, neither appellant nor his attorney reminded the trial court that appellant had been advised he could be sentenced to a maximum of twenty years.

Appellant never made the trial court aware of the alleged error or advised the trial court that appellant had not known the maximum punishment he faced.  If an error occurs, the trial court

must be given an opportunity to correct such error.  Rule 5A:18 declares that no ruling of the trial court will be considered by the Court of Appeals as a basis for reversal unless an objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice.  See Knight v. Commonwealth, 18 Va. App. 207, 216, 443 S.E.2d 165, 170 (1994); Gardner v. Commonwealth, 3 Va. App. 418, 419, 350 S.E.2d 229, 230 (1986).  The purpose of the rule is to give the trial court an opportunity to rule intelligently and avoid unnecessary appeals, reversals, and mistrials.  Wolfe v. Commonwealth, 6 Va. App. 640, 642, 371 S.E.2d 314, 315 (1988).  Because the record fails to show that appellant met the requirements of Rule 5A:18, and because we find no reason to apply the good cause or ends of justice exceptions, the judgments of the trial court are affirmed.

Affirmed.