COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


KAREN MARIE KING

                                    MEMORANDUM OPINION*
v.    Record No. 1827-99-2              PER CURIAM
                                     FEBRUARY 8, 2000
ROY LEE KING


            FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
                     Thomas V. Warren, Judge

          (J. Kevin Clarke, on briefs), for appellant.

          (Sharon Gregory Jacobs; Morchower, Luxton &
          Whaley, on brief), for appellee.


     Karen Marie King (wife) appeals the final decree of divorce

entered by the circuit court.  Wife contends that the trial court

(1) failed to include written findings supporting its denial of

wife's request for spousal support, in violation of Code

§ 20-107.1(F); (2) failed to classify and value the parties'

property, in violation of Code § 20-107.3(A); and (3) erred by

relying on insufficient evidence to support its finding that the

parties resolved their property rights.  Wife also appeals the

decision of the trial court denying her Motion to Reopen Case or

to Suspend Final Decree.  Upon reviewing the record and briefs of

the parties, we conclude that this appeal is without merit.

     ─────────────────

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Roy Lee King (husband) filed his bill of complaint on August 24, 1998. Evidence was submitted by deposition. The record on appeal includes wife's written statement of facts and husband's objections thereto.

The record demonstrates that husband's counsel sent to wife's counsel a copy of the depositions and proposed final decree of divorce on April 20, 1999. Husband's counsel sent two additional letters, but received no response. Wife's counsel failed to appear at a meeting scheduled for April 28, 1999, to discuss issues relating to the divorce. By notice filed June 16, 1999, husband's counsel notified wife's counsel of the July 2, 1999 hearing for presentation of the final decree of divorce, along with a copy of the draft order, in compliance with Rule 1:13. Neither wife nor her counsel appeared at the hearing on July 2, 1999. Wife noted no exceptions to the final decree, which was entered the day of the hearing. Wife filed her motion to reopen the case or suspend the final decree on July 26, 1999, more than twenty-one days after entry of the final decree.

Wife failed to preserve any objections to the final decree. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of

-

Appeals to attain the ends of justice." "The purpose of Rule 5A:18 is to provide the trial court with the opportunity to remedy any error so that an appeal is not necessary." Knight v. Commonwealth, 18 Va. App. 207, 216, 443 S.E.2d 165, 170 (1994); see Newsome v. Newsome, 18 Va. App. 22, 24-25, 441 S.E.2d 346, 347 (1994). The record demonstrates that husband's counsel provided a copy of the draft final decree to wife's counsel in mid-April, more than two months before entry of the decree. Neither wife nor her counsel appeared at the depositions, and wife submitted no evidence or depositions on her own behalf. Accordingly, Rule 5A:18 bars our consideration of wife's first three questions presented on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

After filing her answer and cross-bill of complaint, wife and her counsel took no steps to move this matter to resolution. They failed to participate in depositions scheduled by husband and called none of their own. Counsel failed to appear at a scheduled meeting to discuss issues relating to the divorce. He did not respond to multiple contacts from opposing counsel. Under these circumstances, we find no abuse of discretion in the trial court's denial of wife's motion to reopen or suspend the decree.

-

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>