COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


GARY STEPHEN SYKES
                                      MEMORANDUM OPINION*
v.    Record No. 1850-99-2              PER CURIAM
                                       FEBRUARY 15, 2000
BARBARA E. SYKES


              FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                    William H. Ledbetter, Jr., Judge

              (Edward F. Younger; Christopher D. Small, on
              brief), for appellant.

              (Murray M. Van Lear, II; Paul A. Simpson;
              John K. Byrum, Jr.; Scott, Daltan & Van Lear;
              Hirschler, Fleischer, Weinberg, Cox & Allen,
              P.C., on brief), for appellee.


     Gary Stephen Sykes appeals the equitable distribution and

spousal support awards contained in the July 6, 1999 final decree

of divorce.  He contends that the trial judge erred by (1)

awarding his wife, Barbara E. Sykes, fifty percent of the marital

share of his Navy retirement benefits without determining the

value of those benefits; (2) failing to consider each of the

statutory factors when making the equitable distribution decision;

(3) failing to consider each of the statutory factors when making

the spousal support award; and (4) failing to determine the amount

of spousal support prior to determining the amount of child

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

support.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Neither the husband nor his counsel endorsed the final decree of divorce, although notice satisfying the requirements of Rule 1:13 was given to counsel.  The husband noted no objections to the decree.  Although the husband asserts that he had no opportunity to object, he presents no facts or record to support his assertion.  Moreover, he did not file a motion for reconsideration.  Nowhere in the record is there any indication that husband attempted to preserve any objections for appeal.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  The record provides no indication that husband raised in the trial court any of the issues he presents on appeal.  "The purpose of Rule 5A:18 is to provide the trial court with the opportunity to remedy any error so that an appeal is not necessary."  Knight v. Commonwealth, 18 Va. App. 207, 216, 443 S.E.2d 165, 170 (1994).  See Newsome v. Newsome, 18 Va. App. 22, 24-25, 441 S.E.2d 346, 347 (1994). Because the husband failed to preserve any issues, Rule 5A:18 bars our consideration of these questions on appeal.

-

Although the husband asserts that good cause exists to apply the exception to Rule 5A:18, he provides no support for that assertion. Upon our review, we find no reason in the record to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.