## CIRCUIT COURT OF SUSSEX COUNTY

Commonwealth of Virginia

   v.

Willie A. Murphy

July 15, 2009

BY JUDGE W. ALLAN SHARRETT

This matter comes before the Court on Willie A. Murphy's Motion to Compel Discovery. Defendant is charged with three counts of distribution of cocaine. Part of the evidence on which the Commonwealth's Attorney ("the Commonwealth") relies is an audiovisual recording of undercover drug purchases by agents of law enforcement, *i.e.* informants working for the Sussex County Sheriff's Department, from Defendant. Defense counsel seeks to make a copy of the videotape so that Defendant can view and hear the recording. The Commonwealth will allow defense counsel to view the videotape in her office, but will not permit defense counsel to make a copy of the videotape. Thus, Defendant moves this Court to compel the Commonwealth to provide defense counsel a copy of the recordings so that Defendant can review the videotape. For the following reasons, the Court grants Defendant's motion.

Defendant asks for copies of all written or recorded statements or confessions made by the accused and copies or photographs of tangible objects that are within the possession, custody, or control of the Commonwealth. This discovery request is made pursuant to Rule 3A:11(b)(1) and (2), which provides as follows:

> (b) *Discovery by the Accused.*
>
>     (1) Upon written motion of an accused, a court shall order the Commonwealth's attorney to permit the accused *to inspect and copy* or photograph any relevant (i) written or *recorded*

*statements* or confessions *made by the accused,* or copies thereof, or the substance of any oral statements or confessions made by the accused *to any law enforcement officer,* the existence of which is known to the attorney for the Commonwealth. . . .

(2) Upon written motion of an accused, a court shall order the Commonwealth's attorney to permit the accused to *inspect and copy* or photograph designated books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, that are within the possession, custody, or control of the Commonwealth, *upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. . . .*

Va. Sup. Ct. R. 3A:11(b) (emphasis added).

A defendant need only satisfy one of the two subparagraphs in order to be entitled to discovery.

Rule 3A:11(b)(1), then, permits the accused to inspect and copy any recorded statements made by the accused to any law enforcement officer. The "and" in this rule grants an absolute right. The words "inspect" and "copy" are conjunctive. Defendant has the right to do both, and this right is not subject to the Commonwealth's discretion.

The Commonwealth argues that Defendant's declarations in the recordings are not statements or the result of interrogation, but instead constitute an on-going conversation with the informants. The Commonwealth also argues that this makes the recordings evidence, not statements.

This argument is not convincing. Although the videotape may be considered evidence, that does not affect the fact that it contains statements made by the accused. In *Naulty v. Commonwealth,* 2 Va. App. 523, 346 S.E.2d 540 (1986), the Court of Appeals of Virginia held that a videotape of the defendant purchasing from an undercover agent chemicals used to make PCP was a recorded statement made by the accused and was discoverable under the Rule. In so deciding, the court opined that subdivision (b)(1) "is not limited only to confessions or other post-arrest written or recorded statements. It places no limitation, except relevance, on the accused's right to discover written or recorded statements made by him." *Id.* at 528, 346 S.E.2d at 543. *See also Knight v. Commonwealth,* 18 Va. App. 207, 443 S.E.2d 165 (1994) (The accused may obtain copies of the substance of any oral arguments of the accused made to any law enforcement officer.); *Conway v. Commonwealth,* 11 Va. App. 103, 397 S.E.2d 263 (1990) (The Commonwealth's failure to disclose tape recording violated Rule 3A:11.).

*Naulty* and the instant case are similar. In both cases, there is a videotaped recording of the alleged crime that includes statements made in conversation between the accused and a law enforcement officer. Thus, this Court concludes that the statements made by Defendant on the videotaped drug transactions are "recorded statements or confessions made by the accused." Therefore, the Motion to Compel Discovery is granted pursuant to Rule 3A:11(b)(1), and the Commonwealth is ordered to permit defense counsel to copy the videotape. Because the Court disposes of the matter based on subsection (1), it need not address subsection (2).

The Court's inquiry into the matter, however, does not end there. Rule 3A:11(f) permits the Court to place certain safeguards on discovery. "Upon a sufficient showing, the court may at any time order that the discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate." Va. Sup. Ct. R. 3A:11(f). Pursuant to this authority, the Court restricts the copying of the videotape in the following manner: (1) the video may be shown to Defendant by defense counsel, but shall not in any way be delivered to Defendant or made available to him for copying; (2) the video may not be shown to any person other than Defendant, absent the Court's approval; (3) defense counsel shall not make any additional copies or reproductions of the videotape; and (4) at the conclusion of the case, all copied materials to which this order relates must be delivered to the Commonwealth.

It is so ordered.