**Richmond**

DARYELL WAYNE NEWSOME

v.

ROSEMARY WRAY NEWSOME

No. 0012-93-2

Decided March 8, 1994

COUNSEL

Peter D. Eliades (Eliades & Eliades, on brief), for appellant.

Robert C. Markham, for appellee.

OPINION

**ELDER, J.**—Daryell Wayne Newsome, husband, appeals from the trial court's equitable distribution and award of attorney's fees and spousal support to Rosemary Wray Newsome, wife. On appeal, he asserts that the trial court (1) abused its discretion in appointing an attorney for wife in her pursuit of a fault-based divorce and in directing husband to pay $4,000 to that attorney for services rendered; (2) erred, in awarding spousal support, by failing to consider the factors set forth in Code § 20-107.1; and (3) erred in ordering husband to pay a lump sum in settlement of "marital and separate property." For the reasons that follow, we hold that our review of this appeal is barred.

## I.

The relevant facts are as follows: Wife filed her bill of complaint for divorce on January 30, 1991. Husband initially retained an attorney, but the trial court allowed that attorney to withdraw on April 22, 1992. The trial court denied husband's request for appointed counsel, and husband thereafter proceeded *pro se.*

Wife served husband with notice of her intent to appear before the court on September 9, 1992, to request, in relevant part, entry of a final decree of divorce, award of spousal support, equitable distribution, and award of attorney's fees and costs. Wife, her attorney, and husband (proceeding *pro se*) appeared on September 9, 1992. Wife filed her motion requesting attorney's fees and costs and presented a "sketch final decree . . . with several blanks for the Judge to complete." The statement of facts contains no record of any objections made by husband to wife's request for attorney's fees or her draft decree. No transcripts were filed.

On November 25, 1992, the trial court entered the decree, awarding wife a divorce based on husband's "constructive desertion" on January 23, 1991, "for a period of more than twelve months." It ordered husband to pay to wife permanent monthly

spousal support and a lump sum in settlement of their remaining marital and separate property. It also ordered husband to pay a portion of wife's attorney's fees. Finally, it awarded wife fifty percent of husband's pension plan and declared the decree a Qualified Domestic Relations Order (QDRO) pursuant to Code § 20-107.3 in order to accomplish that division. To be sure that the decree complied with the provisions of that section, the court directed that

> this cause is retained on the Chancery Docket for the next sixty (60) days for the purpose of amending the language of this decree, if necessary, for acceptance as a Qualified Domestic Relations Order (QDRO). If no amendment is filed within 60 days, this cause is dismissed from the court's docket.

Although husband did not object to the decree by endorsement, he subsequently retained new counsel and, by motion filed December 22, 1992, notified wife of his intent to "move the . . . Court . . . for a redetermination of [the] lump-sum monetary award; a clarification of the marital share of the Court Ordered Profit Sharing Retirement Plan; and present argument with reference to attorney's fees." The record contains no information as to the disposition of this motion.[1] Husband noted his appeal to this Court on December 28, 1992.

## II.

We conclude this appeal is barred as to all issues. Rule 5A:18 states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The purpose of Rule 5A:18 is to "afford[] 'the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" *Kaufman v. Kaufman*, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991) (quoting *Weidman v. Babcock*, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)). It applies equally to both *pro se* litigants and

---

[1] The parties proffered to this Court on appeal that the trial court heard argument and denied the motion on December 22.

those who are represented by counsel. *See Townes v. Commonwealth*, 234 Va. 307, 319, 362 S.E.2d 650, 656-57 (1987), *cert. denied*, 485 U.S. 971 (1988) (decided under Rule 5:25, the Supreme Court's counterpart to Rule 5A:18).

> [A party] may meet the mandates of Rule 5A:18 in many ways. For instance, [he] may make clear the ground for his objection in a motion to strike the evidence or in closing argument. [He] may also state the grounds therefor during a motion to set aside the verdict or a motion to reconsider. Likewise, [a party] may, if he or she has previously failed to do so, include an objection and reasons therefor in the final order or at least tender such an order to the trial judge.

*Lee v. Lee*, 12 Va. App. 512, 515-16, 404 S.E.2d 736, 738 (1991) (en banc) (citations omitted); *see* Code § 8.01-384 (amended by Act of Mar. 30, 1992, ch. 564, 1992 Va. Acts 725, which noted that "the provisions of this act are [merely] declaratory of existing law").

We hold first that appellant's challenge to the issue of spousal support was improperly preserved for appeal. The statement of facts contains no indication that husband registered any objections to wife's draft decree. Furthermore, he did not endorse the decree. Although he filed a motion to reconsider, spousal support was not one of the issues he attempted to raise in that motion. Because we find no indication in the record that appellant complied with the requirements of Rule 5A:18, we conclude that his challenge to the trial court's award of spousal support is barred.

We hold that appellant's assignments of error concerning the equitable distribution and award of attorney's fees also are barred by Rule 5A:18. As stated above, the record contains no indication that appellant objected to these rulings either at the hearing or by endorsement of the decree itself. He attempted to raise these issues in a motion to reconsider filed on December 22, 1992, but our review of the record shows that this motion was not timely filed. Following entry of the decree on November 25, 1992, the trial court retained jurisdiction to alter it only until December 16, 1992, the twenty-first day following its entry. *See* Rule 1:1.

Counsel for appellant asserted during oral argument that the trial court's retention of the cause on the chancery docket for

sixty days to clarify the QDRO provisions caused the order to be not final, thereby extending the period during which a timely motion for reconsideration could be filed. We reject this argument, holding that the trial court's decree was a final order when entered. Code § 20-107.3(K)(4) permits the court to retain jurisdiction to the extent necessary to "[m]odify any order . . . intended to affect or divide any pension . . . plan or retirement benefits . . . for the [limited] purpose of establishing or maintaining the order as a qualified domestic relations order." In "retain[ing] [the matter at issue in this case] on the Chancery Docket for the next sixty (60) days for the purpose of amending the language of the decree, if necessary, for acceptance as a Qualified Domestic Relations Order (QDRO)," the court merely tracked the language of the statute. It made no attempt to preserve jurisdiction so as to alter the substantive provisions of the QDRO, such as adjustment of the amount of pension benefits to be awarded. Indeed, the entry of an order purporting to "change the substance of the original order or provide an interest in a pension that was not provided in the order" would contravene the intent of the legislature in enacting this code section. Peter N. Swisher, Lawrence D. Diehl & James R. Cottrell, *Virginia Family Law* § 11-34, at 429 & n.12 (1991).

We conclude, therefore, based on the language of both the statute and the order, that any amendments contemplated by the trial court involved purely ministerial acts related to the QDRO, rather than alteration of its substantive provisions. Therefore, the trial court did nothing more than retain the matter on the docket so that it could more easily exercise the jurisdiction granted it under Code § 20-107.3(K)(4). Here, the order was final when entered because it "dispose[d] of the whole subject, [gave] all the relief contemplated, provide[d] . . . reasonable completeness for giving effect to [its terms], and [left] nothing to be done in the cause save to superintend ministerially the execution of the order." *Daniels v. Truck & Equip. Corp.*, 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964) (quoting *Marchant & Taylor v. Mathews Co.*, 139 Va. 723, 734, 124 S.E. 420, 423 (1924)); *see also Weizenbaum v. Weizenbaum*, 12 Va. App. 899, 901, 407 S.E.2d 37, 38 (1991) (holding that an order granting a divorce and denying periodic spousal support but taking under advisement wife's motion for lump sum alimony was a final, appealable order as to the divorce on the date of entry). Because the decree was final upon its entry

on November 25, 1992, the motion to reconsider filed on December 22, 1992, was untimely filed.

For these reasons, Rule 5A:18 bars our review of appellant's challenges to the equitable distribution, award of attorney's fees and spousal support. The judgment of the trial court is affirmed.

*Affirmed.*

Benton, J., and Koontz, J., concurred.