COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Bumgardner


TERESA J. CHITTUM
                                        MEMORANDUM OPINION*
v.   Record No. 2149-97-3                  PER CURIAM
                                         MARCH 24, 1998
GARY L. CHITTUM


            FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                     George E. Honts, III, Judge

        (M. Teresa Harris, on brief), for appellant.
        Appellant submitting on brief.

        (H. David Natkin, on brief), for appellee.
        Appellee submitting on brief.



     Teresa Chittum (mother) appeals the decision of the circuit

court denying her motion for a change in custody.  Mother

contends that the trial court erred by (1) granting the motion to

strike of Gary Chittum (father); (2) failing to grant her request

for a change in custody; and (3) failing to consider the

preference of the parties' minor children.  We disagree and

affirm the decision of the trial court.

                          Motion to Strike

     "No ruling of the trial court . . . will be considered as a

basis for reversal unless the objection was stated together with

the grounds therefor at the time of the ruling, except for good

cause shown or to enable the Court of Appeals to attain the ends

of justice."  Rule 5A:18.

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On appeal, mother argues that the trial court erred when it granted father's motion to strike. By order entered December 4, 1996, the trial court granted the motion and found that mother "has not shown evidence of a sufficient change of circumstances to justify a change of custody." The trial court modified mother's visitation schedule, and ordered home studies on both parents.

Mother endorsed the decree "Seen." The record contains no indication that mother presented or preserved any objections to the December 1996 order. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## Change in Custody

In its order entered August 13, 1997, the trial court denied mother's request for a change of custody. Mother endorsed the decree "Seen." No objections or exceptions to the court's ruling were attached to the final order. The written statement of facts does not indicate what, if any, objections mother raised at the evidentiary hearing.

Our review of this issue is barred by Rule 5A:18. The Court of Appeals will not consider an argument on appeal which was not presented to the trial court. "The purpose of Rule 5A:18 is to 'afford[] "the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and

2

reversals."'"  <u>Newsome v. Newsome</u>, 18 Va. App. 22, 24–25, 441 S.E.2d 346, 347 (1994) (citations omitted).

Accordingly, Rule 5A:18 bars our consideration of this question on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

<u>Failure to Consider Children's Preference</u>

The record contains no indication mother raised this issue before the trial court.  Therefore, we do not consider this argument on appeal.  <u>See</u> Rule 5A:18.

Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed</u>.