COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


JOHN C. CHAO
                                    MEMORANDUM OPINION*
v.   Record No. 3426-01-4               PER CURIAM
                                        JUNE 25, 2002
DIANA L. WOLF


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     David T. Stitt, Judge

          (John C. Chao, on briefs), pro se.

          (J. Patrick McConnell; Elizabeth L. Salans;
          Odin, Feldman & Pittleman, P.C., on brief),
          for appellee.


     John C. Chao (husband) appeals the decision of the circuit

court granting Diana L. Wolf's (wife) demurrer.  On appeal,

husband contends the trial court erred by (1) granting the

demurrer; (2) requiring him to pay $3,908.13 in attorney's fees to

wife's counsel; and (3) not ruling on his motion to set aside

provisions entered in prior orders.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

     On appeal, we view the evidence and all reasonable

inferences in the light most favorable to wife as the party

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Background

The parties were divorced by final decree on March 22, 1996.  Pursuant to the decree, husband was required to pay for all the college expenses of the parties' two sons.  On October 16, 2000, the circuit court entered an "Agreed Order" which provided in part that husband "shall not litigate against [wife] in the future regarding any issues arising out of the Final Decree of Divorce of the parties, or contained in any prior court orders, except to enforce this Order."  In September 2001, husband filed a motion to set aside the provision of paying college expenses for the couple's younger son.  In response, wife filed a demurrer and a motion to dismiss.

The court granted wife's demurrer and motion to dismiss on December 12, 2001.

## Analysis

This Court will not consider an argument on appeal that was not presented to the trial court.  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); Rule 5A:18.  Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal.  Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc).  A trial court must be alerted to the precise "issue" to which a party objects.  Neal v.

-

Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).

At the conclusion of the hearing, husband asked the court whether he had a right to appeal. The court advised husband he had the same right to appeal the matter as any other individual. However, husband did not note any objection to the court's ruling. Rule 5A:18 "applies equally to both pro se litigants and those who are represented by counsel." Newsome v. Newsome, 18 Va. App. 22, 23-25, 441 S.E.2d 346, 347 (1994). The record reveals no evidence that husband preserved the issues he raises on appeal. Appellant bears the burden of submitting a record sufficient for this Court's consideration of the issues presented. Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).

Accordingly, Rule 5A:18 bars our consideration of these questions on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18. Therefore, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.

-