COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Felton and Senior Judge Willis


MIGUEL L. RIVERA

                                                        MEMORANDUM OPINION*
v.       Record No. 2545-05-3                               PER CURIAM
                                                         FEBRUARY 14, 2006
HOLLEY S. YATES, ZONING ADMINISTRATOR
 FOR CAMPBELL COUNTY


                    FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                                J. Michael Gamble, Judge

            (Robert A. Williams; Williams, Luck & Williams, on briefs), for
            appellant.

            (David W. Shreve, County Attorney, on brief), for appellee.


        Appellant Miguel L. Rivera appeals a decision of the Circuit Court of Campbell County

dated March 9, 2005, whereby Rivera was found guilty of contempt.  The March 9th order states

the court "further finds based on comments in open Court that Miguel L. Rivera is in summary

contempt of this Court and Ordered to serve ten (10) days in jail."  And in a March 17, 2005

order, the court noted that "the mobile home used as an aviary on the respondents' [Rivera and

his wife] property has been removed as previously ordered by this Court and that the respondents

have purged themselves of the contempt found by this Court on March 7, 2005."  It also notes

that "the respondent Miguel L. Rivera has completed the ten (10) [day] sentence . . . for the

summary contempt citation, and the said Miguel L. Rivera is released from custody."

        While appellant asserts the trial court erred in its contempt finding, he also concedes that

"[t]he record is silent as to what Miguel L. Rivera said, how it was said, or when it was said."

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"The burden is upon the appellant to provide us with a record which substantiates the claim of error.  In the absence thereof, we will not consider the point."  Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).  Where we do not have the benefit of a transcript of the proceedings, we can consider only that which is contained in the Written Statement of Facts signed by the trial judge.  See id.

The statement of facts makes only a cursory reference to the March 7 contempt finding.  It states that "the Court further found based on comments in open court that the defendant Miguel L. Rivera was in summary contempt of this [C]ourt."  Neither the order nor the statement of facts indicate any objection by appellant to the trial court's decision.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  Appellant has offered no argument why we should invoke either exception.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions.  See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)).  We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).  This rule "applies equally to both *pro se* litigants and those who are represented by counsel."  Newsome v. Newsome, 18 Va. App. 22, 24-25, 441 S.E.2d 346, 347 (1994) (citation omitted).

Accordingly, we summarily affirm the decision of the trial court.[1]  See Rule 5A:27.

Affirmed.

---

[1] Because we find appellant has not preserved his objection for appeal, we do not find it necessary to address whether appellant's argument is moot.