COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, O'Brien and Russell
Argued at Alexandria, Virginia


J.V., A MINOR, BY HER MOTHER AND NEXT FRIEND,
  ANETTE H. VELDHUYZEN
                                          MEMORANDUM OPINION* BY
v.       Record No. 0679-15-4               JUDGE WILLIAM G. PETTY
                                              NOVEMBER 15, 2016
STAFFORD COUNTY SCHOOL BOARD


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Victoria A.B. Willis, Judge

Anette H. Veldhuyzen, *pro se*, for appellant.

Pakapon Phinyowattanachip (Patrick T. Andriano; Reed Smith, LLP,
on brief), for appellee.


J.V., by her mother and next friend, challenges the circuit court's granting of Stafford

County School Board's motion for summary judgment related to the School Board's denial of a

manifestation determination pursuant to the Individuals with Disabilities Education Act.

Appellant lists six assignments of error[1] in her opening brief.  Rule 5A:18 states, "No

ruling of the trial court . . . will be considered as a basis for reversal unless an objection was

stated with reasonable certainty at the time of the ruling, except for good cause shown or to

enable the Court of Appeals to attain the ends of justice."  Thus, except for the narrow exception,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's opening brief also includes a "Main Question for Review" with ten
sub-points.  Effective July 1, 2010, Rule 5A:20(c) was revised to state that an appellant's
opening brief shall contain a "statement of the assignments of error with a clear and exact
reference to the page(s) of the transcript, written statement, record, or appendix where each
assignment of error was preserved in the trial court."  Pursuant to the revised rules, this Court
considers only assignments of error and, as such, will not consider the additional issues listed
under the "Main Question for Review."

which does not apply in this case, this Court will not consider a claim of trial court error as a ground for reversal where no timely objection was made.

> The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.

Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991). "A general argument or abstract reference to the law is not sufficient to preserve an issue." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*).

Appellant fails to provide in her opening brief "a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court," as required by Rule 5A:20(c). The transcript reference for the first assignment of error is to opposing counsel's opening statement to the circuit court. The second assignment of error references "Proffer, Transcript, Booklet A, p. 42, 45; Record, not complete, Booklet A, p. 28; 31 A & B not allowed to come in, Hearing Transcript, p. 11." This confusing reference is anything but "clear and exact." The third assignment references pages in the transcript containing appellant's general argument before the court. The fourth and sixth assignments of error appear to reference an administrative hearing transcript, and thereby fail to point to preservation in the trial court of the issue. Finally, appellant's fifth assignment of error cites the final order but does not point to a page in the transcript, record, or appendix where appellant preserved an argument before the trial court related to that assignment of error. Thus, although appellant references various parts of the record, none of these references show a place where appellant made a specific objection to the trial court to enable it to rule intelligently on the issue presented. Appellant's general arguments are not sufficient to preserve an issue for appeal. See Edwards, 41 Va. App. at 760, 589 S.E.2d at 448.

Appellant additionally failed to comply with Rule 5A:20(d), which requires a "clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix." Appellant's statement of facts provides cryptic references to documents presumably in a voluminous unpaginated appendix contained in a three-inch three-ring binder. Appellant's statement of facts section of her brief is filled with unsupported argument, allegations, and opinion statements. Moreover, in her opening brief, appellant fails to include a "brief statement of the nature of the material proceedings in the trial court, which shall omit references to any paper filed or action taken that does not relate to the assignments of error." Rule 5A:20(b). On the contrary, appellant's brief begins with a large volume of extraneous material.

"At the risk of stating the obvious, the Rules of the Supreme Court are rules and not suggestions; we expect litigants before this Court to abide by them." Eaton v. Dep't of Soc. Servs., 66 Va. App. 317, 320 n.1, 785 S.E.2d 231, 233 n.1 (2016). "[S]trict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions which is essential to an accurate determination of the issues raised on appeal." Milam v. Milam, 65 Va. App. 439, 465, 778 S.E.2d 535, 548 (2015) (quoting Fadness v. Fadness, 52 Va. App. 833, 850, 667 S.E.2d 857, 865 (2008)). "Accordingly, when a party's failure to strictly adhere to the [rules of court] is significant, this Court may treat the assignment of error as waived." Id. at 465-66, 778 S.E.2d at 548 (quoting Fadness, 52 Va. App. at 850, 667 S.E.2d at 865).

We recognize that appellant is proceeding *pro se* in this case through her mother and next friend. However, "[e]ven *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 590-91, 518 S.E.2d 842, 846 (1999). This Court has given appellant multiple opportunities to remedy her non-compliance with the rules of court. The Clerk of Court returned transcripts to appellant on July 15, 2015, when the transcripts were improperly filed

with the Court of Appeals rather than the circuit court. This Court granted an extension of time on December 18, 2015, to appellant, over appellee's objection, to file her opening brief and appendix. On February 2, 2016, this Court issued an order requiring appellant to show cause why her case should not be dismissed for failure to timely file an appendix. After receiving appellant's response, this Court issued an order on February 19, 2016, requiring appellant to file both an electronic and paper appendix within 10 days. The appendix appellant filed did not include all of the excerpts of the trial record identified in appellant's designation. Instead of the actual pages from the record, pages appeared in the appendix stating, "References a document found in its entirety in the court files." This note was substituted for at least five lengthy excerpts from the record. On April 26, 2016, this Court ordered appellant to file a complete, amended appendix which included the designated items in their entirety. This Court reminded appellant at that time that Rule 5A:25(h) provides, "[i]t will be assumed that the appendix contains everything germane to the assignments of error." This Court held in abeyance appellee's motion to dismiss on the grounds that the appendix was incomplete and did not comply with Rule 5A:25. On June 24, 2016, this Court determined that the appeal could proceed, but expressly stated in its order that the ruling was not intended to preclude the panel of judges hearing the case from deciding that the opening brief and appendix are not in compliance with the rules of the court.

We so find. Although appellant is appearing *pro se*, the rules of court "appl[y] equally to both *pro se* litigants and those who are represented by counsel." Newsome v. Newsome, 18 Va. App. 22, 24-25, 441 S.E.2d 346, 347 (1994). "[T]he 'right of self-representation is not a license' to fail 'to comply with the relevant rules of procedural and substantive law.'" Francis, 30 Va. App. at 591, 518 S.E.2d at 846 (quoting Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 656-57 (1987)). "To ignore such a rule by addressing the case on the merits

- 4 -

would require this court to be an advocate for, as well as the judge of the correctness of, [appellant's] position on the issues [s]he raises." Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008). Such impermissible advocacy can occur when the appellee and this Court must attempt to piece together appellant's argument using a non-compliant brief and appendix. "On the other hand, strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions, which is essential to an accurate determination of the issues raised on appeal." Id.

Because we find appellant's failure to adhere to the requirements of the rules of court is significant, this Court deems her assignments of error as waived.[2] We consequently affirm the circuit court's ruling.

Affirmed.

---

[2] Appellee asks that we dismiss the appeal on the basis of appellant's failure to comply with the rules of court. A litigant's failure to comply with the rules of court provides a basis for affirming the trial court's decision, not dismissing it. "[W]hen a party's failure to strictly adhere to the requirements of Rule 5A:20(e) is significant, 'the Court of Appeals may . . . treat a question presented as waived.'" Coe v. Coe, 66 Va. App. 457, 469-70, 788 S.E.2d 261, 267, (2016) (alteration in original) (quoting Fadness, 52 Va. App. at 850, 667 S.E.2d at 865).