COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judge AtLee and Senior Judge Frank
Argued at Norfolk, Virginia

UNPUBLISHED

KATHARINE C. POLLARD LAWSON

v.        Record No. 1004-18-1

JOSEPH LAWRENCE LAWSON

MEMORANDUM OPINION* BY
CHIEF JUDGE GLEN A. HUFF
DECEMBER 26, 2018

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan, Judge

Matthew J. Weinberg (Gunther Law Group, on briefs), for
appellant.

Mary T. Morgan (Golightly Mulligan & Morgan, PLC., on brief),
for appellee.

Katharine C. Pollard Lawson ("wife") appeals the termination of spousal support.  Joseph

Lawson ("husband") owed wife $3,600 in monthly spousal support under the parties' agreement

regarding spousal support.  He moved to terminate support based on a provision in the agreement

because wife was in a relationship analogous to marriage for more than twelve months.  Wife

filed a show cause alleging husband was in arrears.  Following a hearing *ore tenus* in the Circuit

Court of Virginia Beach, the trial court granted husband's motion, terminating husband's spousal

support obligation effective June 30, 2015.  The trial court also ordered husband to pay $4,950 in

arrearages to wife.

Wife argues the trial court erred in granting husband's motion to terminate spousal

support because husband's repeated failures to timely pay support were the first material breach

of the parties' agreement.  She also argues the trial court erred because it prohibited her from

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

offering evidence that husband's failure to timely pay support was a material change in circumstances under the parties' agreement. She argues the material change in circumstances gave the trial court authority—under the agreement—to modify the termination clause of the spousal support provision to allow her to continue receiving support despite being in a relationship analogous to marriage for more than twelve months. Because this Court concludes that neither of wife's arguments were presented with specificity to the trial court, this Court holds that the errors are waived under Rule 5A:18. Therefore, this Court affirms the trial court's order terminating support.

## I. BACKGROUND

"When reviewing a trial court's decision on appeal, [this Court] view[s] the evidence in the light most favorable to [husband,] the prevailing party, granting [him] the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258 (2003). So viewed, the evidence is as follows.

On August 10, 2009, the parties separated and filed a memorandum of settlement agreement in Virginia Beach. On November 26, 2012, the parties filed a supplemental stipulation to their agreement with the following provision regarding spousal support:

> For support and maintenance Husband shall pay to the Wife the amount of THREE THOUSAND SIX HUNDRED DOLLARS ($3,600) per month and shall terminate upon the death of either party or until Wife remarries of [*sic*] in a relationship analogous to marriage for a period of more than twelve (12) months. In the event either party has a material change in circumstances or should the Husband fail to provide health insurance as provided in Paragraph 4 of this Agreement, spousal support shall be modifiable.

On April 26, 2013, a final decree of divorce was entered in Virginia Beach Circuit Court that ratified, affirmed, and incorporated but did not merge both previous agreements into the final decree.

In 2015, both parties initiated proceedings in the Juvenile and Domestic Relations District Court for the City of Virginia Beach ("JDR court"). Husband filed a motion to terminate spousal support alleging wife had been in a relationship analogous to marriage for a period of more than twelve months. Wife filed a show cause alleging husband was in arrears $14,540.53. On November 19, 2015, the JDR court terminated spousal support, effective June 30, 2015. It also held husband was in arrears by $6,186 and ordered him to pay the arrearage with 6% interest within 60 days of the order. Wife appealed the orders to the trial court.

The trial court held hearings on March 27 and April 9, 2018, during which it heard evidence and argument from both parties. Wife appeared *pro se*. Husband offered evidence wife had been living with a boyfriend for more than twelve months. He argued that, in accordance with the parties' agreement, spousal support should be terminated. Although wife acknowledged living with the boyfriend, she presented evidence she hadn't moved in until much later than husband claimed. She also explained they were on-again-off-again, even while she was living with him, and that he had other girlfriends, so the relationship was not analogous to marriage. During the hearings, wife also made several meandering attempts at different arguments that husband's repeated arrearages should bar termination of spousal support.

First, she attempted to argue that Code § 20-109(A) prohibited termination of the spousal support because terminating support would be unconscionable. When the trial court concluded Code § 20-109(A) did not apply—because spousal support arose from the agreement not a court determination—she appeared to argue that the agreement itself was unconscionable, before eventually returning to her argument that terminating support was unconscionable under the statute.

Second, at several points during her argument, wife attempted to allege that husband's repeated arrearages should preclude termination of spousal support. For example, at one point

- 3 -

during her unconscionability argument—when the trial court asked her to respond to husband's argument Code § 20-109(A) did not apply because spousal support termination was governed by the parties' agreement incorporated into the final decree—wife stated "as far as the express language in the final decree, it also said that he had to pay a certain amount every month." And at another point during the argument, wife pointed to the "numerous times" husband was in arrears or contempt of court. When the trial court pressed her on the relevance of the contempts or arrearages, she explained it justified her moving in with another man.

> You can see how many times he has been in contempt of court and pretty much joked the court by being in contempt and hasn't kept up his end of the bargain. Therefore, I had no other choice but to move in with Mr. Matheson.

Third, wife argued the trial court had discretion not to terminate spousal support. Wife did not clearly articulate the source of the discretion. Although the trial court repeatedly asked wife what the legal source of the discretion was, sometimes wife argued the discretion arose from Code § 20-109(A). At other times, she argued it arose because the agreement was unconscionable. Still at other times, wife argued the discretion was inherent in the trial court's authority without pointing to any particular source.

The trial court rejected wife's arguments. It concluded wife had been in a relationship analogous to marriage for more than 12 months and terminated spousal support. The trial court found husband in arrears by $4,950, but withheld any finding of willful contempt. This appeal followed.

## II. ANALYSIS

Wife raises two assignments of error. She claims the trial court erred by allowing husband to terminate his spousal support under their settlement agreement because his repeated arrearages were a first material breach of their agreement that bars him from enforcing the termination provision of the agreement. She also argues the trial court erred by refusing to allow

- 4 -

her to argue that the trial court had the discretion to modify the termination clause of the spousal support provision of the agreement because husband's failure to pay constituted a material change in circumstances. Husband argues wife never raised those alleged errors to the trial court. Therefore, he argues, she is precluded from raising them in this Court under Rule 5A:18. In response, wife argues she did present to the trial court the arguments she raises in this Court. In the alternative, she argues this Court should consider her arguments anyway under the good cause exception to Rule 5A:18. This Court agrees with husband.

Rule 5A:18 states that no trial court ruling "will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The primary function of Rule 5A:18 is to "alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App. 524, 530 (1992). Thus, "a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." Edwards v. Commonwealth, 41 Va. App. 752, 760 (2003) (*en banc*). "A general argument or an abstract reference to the law is not sufficient to preserve an issue." Id.

A. Wife's First Assignment of Error

In her first assignment of error, wife claims the trial court erred in not granting her motion to strike husband's motion to terminate support. She argues he was in material breach of their separation agreement first, and, therefore he could not sue to enforce the agreement.

Wife never presented this argument to the trial court. Wife argued that terminating spousal support would be unconscionable. Although she also attempted to argue husband's repeated arrearages should preclude termination, she did not cite contract law. The closest she

- 5 -

came was saying husband "ha[d]n't kept up his end of the bargain." That statement, however, was in the context of stating why she needed to move in with another man.

Wife's argument never raised the idea of first material breach in a way that the trial court could be expected to understand. The trial court repeatedly asked wife questions to understand her argument. It asked, several times, for any authority that would justify wife's arguments and expressed willingness to hear any argument wife could justify with authority. For the trial court to fairly consider the parties' arguments, the parties must present their arguments in a way that does not require the trial court to guess what the parties are arguing or read their minds to understand the point. For the first material breach argument she now makes on appeal, wife failed to do this. The trial court bent over backwards to be sure wife was heard fully and fairly, but the trial court could not have been expected to divine wife's current claim of first material breach as a legal impediment to husband's motion. Accordingly, wife failed to preserve the alleged error, under Rule 5A:18, that husband's first material breach bars termination of support.

### B. Wife's Second Assignment of Error

In her second assignment of error, wife claims the trial court erred in failing to permit her to present evidence that husband's failure to pay spousal support constituted a material change in circumstance that warranted a modification of the contractual terms of the support obligation. On brief, wife argues that the trial court had the discretion to modify the termination provision of the agreement in lieu of terminating spousal support. In other words, because husband's repeated arrearages constituted a material change in circumstances, the trial court could strike the provision allowing termination of support when wife was in a relationship analogous to marriage for more than twelve months.

Wife did not make this argument to the trial court. Wife correctly notes that she argued at the hearing that the trial court had the discretion not to terminate support. She did not,

however, argue specifically that the discretion allowed the court to modify the termination conditions of the spousal support provision. Nor did she argue that husband's failure to pay constituted a material change in circumstances as contemplated in their agreement. She never used the words "modify" or "change in circumstances" at any point during the hearing. Although specific words are not required, wife never even raised the idea that circumstances were different because of husband's repeated arrearages. At best, she hinted at the idea by claiming it would be unconscionable to terminate spousal support because husband's arrearages necessitated moving in with another man. Her argument was that the contract was unconscionable under Code § 20-109(A) or contract law generally. The trial court made every effort to understand her argument but wife never presented the argument she presents to this Court. Therefore, wife waived any error regarding a material change in circumstances by failing to present it to the trial court, and, in accordance with Rule 5A:18, this Court will not consider it.

C. Good Cause Exception

In her reply brief, wife contends that even if the issues are not preserved properly for appeal, good cause exists to allow her arguments to be heard on appeal. The good cause exception under Rule 5A:18 allows this Court to consider an appeal when there was good cause for the *failure to preserve the issue*. Wife's good cause argument, however, focuses on why this Court should hear her on the merits despite the failure to present the issues to the trial court, instead of explaining why there was a good reason she did not preserve the issues. See Perry v. Commonwealth, 58 Va. App. 655, 667-68 (2011) ("The Court may only invoke the 'good cause' exception where an appellant did not have the opportunity to object to a ruling in the trial court; however, when an appellant 'had the opportunity to object but elected not to do so,' the exception does not apply." (quoting Luck v. Commonwealth, 32 Va. App. 827, 834 (2000))).

- 7 -

In this case, wife had ample opportunity to raise the issue of first breach as a bar to husband's motion to terminate spousal support. She, likewise, had opportunity to argue husband's repeated arrearages constituted a material change in circumstances that justified modifying the termination provision of the agreement instead of terminating spousal support. She failed to do so. The trial court never prohibited her from making an argument. Thus, nothing in the record demonstrates good cause for her failure to preserve the issues.

The requirements of Rule 5A:18 apply equally to both *pro se* litigants as well as those represented by counsel, and wife's *pro se* status in the trial court does not provide good cause to consider her arguments. Newsome v. Newsome, 18 Va. App. 22, 24-25 (1994); Townes v. Commonwealth, 234 Va. 307, 319 (1987).

Finally, wife does not argue that this Court should invoke the ends of justice exception, and it will not do so *sua sponte*. Hampton Inn & Selective Ins. Co. of Am. v. King, 58 Va. App. 286, 301 (2011).

## III. CONCLUSION

Because wife never raised the issues in the trial court that she now argues before this Court, this Court concludes she waived the issues. Therefore, this Court affirms the trial court's order terminating spousal support.

Affirmed.