COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Malveaux and Senior Judge Clements
Argued at Richmond, Virginia

UNPUBLISHED

HAMPTON H. JACKSON, JR.

                                              MEMORANDUM OPINION* BY
v.        Record No. 0594-19-2           JUDGE MARY GRACE O'BRIEN
                                              DECEMBER 17, 2019

CRYSTAL N. JACKSON


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Lynn S. Brice, Judge

Reginald M. Barley for appellant.

Jeremiah M. Yourth (Owens & Owens PLC, on brief), for appellee.


Hampton H. Jackson, Jr. ("husband") appeals a March 15, 2019 Approved Domestic

Relations Order ("ADRO") for a pension plan administered by the Virginia Retirement System

("VRS"), following his divorce from Crystal N. Jackson ("wife"). He contends that the court lacked

jurisdiction to enter the ADRO. He also asserts wife did not prove that he had an interest in VRS.

Finally, he argues that the court abused its discretion by requiring him to pay wife's attorney's fees

related to an order to show cause.

BACKGROUND

The parties married on February 14, 2000, and husband filed for divorce on January 17,

2017. After a February 5, 2018 trial, the court entered a divorce decree on April 16, 2018. During

their marriage, both parties contributed to retirement and pension plans. Husband, who was

employed by Virginia Commonwealth University ("VCU"), had a VCU pension plan and a VCU

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

403(B) plan. Wife maintained a thrift savings plan and a pension plan with her employer, the Federal Reserve Bank.

Based on the evidence presented at trial, the court divided the retirement accounts. It awarded husband fifty percent of the marital share of wife's thrift savings plan and her pension plan, and the court ordered wife's attorney to prepare a Qualified Domestic Relations Order ("QDRO") for each plan reflecting the distribution. Wife's attorney prepared and filed the QDROs, which the court entered on August 31, 2018.

The court also divided husband's VCU pension and 403(B) plan as follows:

> The marital share of [husband's] VCU pension and his 403[(B)] plan shall be divided equally with a [fifty] percent share to each party with an ADRO from the date of the marriage to December 1, 2016 . . . with the ADRO to be prepared by counsel for the [h]usband.[1]

The value of husband's VCU pension was listed as "undetermined" on the parties' joint schedule of assets and liabilities. Husband's counsel prepared and submitted an ADRO for the VCU pension plan which listed the plan administrator as the Variable Annuity Life Insurance Company ("VALIC"). On July 16, 2018, the court entered the ADRO, as well as a QDRO for husband's VCU 403(B) plan. The ADRO contained the following provision:

> The Court retains jurisdiction to amend this Order so that it will constitute an [ADRO] as determined by VALIC even though other matters incident to this action or proceeding have been fully and finally adjudicated. If VALIC determines at any time that changes in the law, the administration of VALIC, or any other circumstance make it impossible to calculate any portion of the distribution awarded to [wife] pursuant to this Order and so notifies both parties, either or both parties shall immediately petition the [c]ourt for reformation of the [ADRO].

---

[1] An ADRO is a type of QDRO, which is a court order authorizing an employer to award a former spouse his or her share of the other spouse's retirement account pursuant to an equitable distribution ruling or separation agreement. Each plan administrator has its own requirements governing the content of a QDRO to ensure compliance with applicable federal or state law. See Nkopchieu v. Minlend, 59 Va. App. 299, 312 (2011) (remanding to determine whether draft QDRO met technical requirements of federal law). See also Code § 51.1-124.4(A) (allowing court-ordered equitable distribution of state retirement benefits that have been deemed marital property).

> The cause is retained on the docket for [forty-five] days for the enforcement of this [ADRO] and to allow time for its approval by the Plan Administrator, and the court's jurisdiction is reserved for this purpose.

After the ADRO was submitted to VALIC, wife learned that VALIC did not administer the VCU pension plan; it was administered by VRS. When husband refused to prepare an ADRO that correctly listed VRS as the plan administrator, wife filed a motion on October 1, 2018, for an order to show cause why husband should not be held in contempt of court. Wife alleged that the ADRO prepared by husband's counsel and entered on July 16, 2018, contained information for an account that husband knew had no funds. Husband moved to dismiss wife's motion on the ground that the court "lack[ed] jurisdiction to reconsider a [f]inal [o]rder which was entered on April 16, 2018 and the last QDRO was entered on August [31], 2018."

On March 4, 2019, the court heard wife's show cause motion. Husband was the only witness; he testified that although his counsel did not prepare an ADRO directed to VRS, he believed he had complied with the VCU pension plan provision in the final decree by submitting an ADRO directed to VALIC. However, he acknowledged that his retirement funds all remained in the pension plan and the court-ordered marital share had not been removed. At the conclusion of the hearing, the court ordered husband to "prepare and submit an [ADRO] for [VRS] to the court on or before March 15, 2019" and pay $1166 in attorney's fees to wife.

The court also scheduled a March 15, 2019 hearing for the parties to present evidence concerning husband's VCU pension plan if they were unable to agree on an ADRO. Wife subpoenaed a representative from the VCU pension plan to testify about the proper administrator of the plan. However, before the March 15, 2019 hearing, husband submitted the required ADRO ordering that fifty percent of the marital share of husband's VCU pension be distributed to wife and identifying VRS as the plan administrator. The court entered the ADRO on March 15, 2019.

DISCUSSION

Husband contends that Rule 1:1 barred the court from entering the March 15, 2019 ADRO more than twenty-one days after the final decree. He also asserts the court erred by entering the ADRO beyond the forty-five-day modification period in the July 16, 2018 ADRO. On appeal, we review *de novo* the trial court's jurisdiction. Jackson v. Jackson, ___Va. ___, ___ (Nov. 27, 2019). Additionally, an issue requiring "statutory interpretation is a pure question of law which [appellate courts] review *de novo*." Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104 (2007).

Rule 1:1 provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." However, Code § 20-107.3(K) establishes an exception to the finality requirement of Rule 1:1 in certain circumstances involving the equitable distribution of property upon divorce. The statute provides, in relevant part,

> The court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section, including the authority to:
>
>   . . . .
>
> > Punish as contempt of court any willful failure of a party to comply with the provisions of any order made by the court under this section; [and]
> >
> >   . . . .
> >
> > Modify any order entered in a case filed on or after July 1, 1982, intended to affect or divide any pension . . . only for the purpose of establishing or maintaining the order as a qualified domestic relations order or to revise or conform its terms so as to effectuate the expressed intent of the order.

Code 20-107.3(K)(2), (4).

"[T]he purpose . . . of Code § 20-107.3(K)(4) [is] to protect the interests of [pension] recipients from the unintended consequences of improperly or incomplete drafted pension orders." Jackson, ___ Va. at ___ (quoting Irwin v. Irwin, 47 Va. App. 287, 296 n.8 (2005)). "The statutory reservation permits the court to revise its orders to comply with the language required . . . to effectuate the intended pension award." Id. at ___. Therefore, under the statute, a court has authority to modify its orders "so that the plan administrator will accept it." Id. at ___.

The court's authority to modify a QDRO is subject to certain limitations, however. The modification must involve a "purely ministerial act[]." Newsome v. Newsome, 18 Va. App. 22, 26 (1994). The statute does not permit a court to change the substantive provisions of an equitable distribution award. Id. Additionally, "orders that alter critical terms of the contract, such as timing or amount of payments, exceed the authority granted under Code § 20-107.3(K)(4)." Hastie v. Hastie, 29 Va. App. 776, 781 (1999). See Jackson, ___ Va. at ___ (affirming court's denial of a pension order modification when modified order would increase party's monthly payment). "[T]he entry of an order purporting to 'change the substance of the original [equitable distribution] order or provide an interest in a pension that was not provided in the order' would contravene the intent of the legislature in enacting this code section." Newsome, 18 Va. App. at 26 (quoting Peter N. Swisher, Lawrence D. Diehl & James R. Cottrell, Virginia Family Law § 11-34, at 429 & n.12 (1991)).

Here, the divorce decree ordered distribution of husband's VCU pension with fifty percent of the marital share to each party. The ADRO submitted on July 16, 2018, incorrectly identified VALIC as the administrator of the pension. The subsequent ADRO, submitted and entered on March 15, 2019, correctly identified VRS as the administrator, but did not alter division of the asset or identify a new asset to be divided. Therefore, the March 15, 2019 ADRO did not change the substance of the final decree; each party retained its fifty percent interest of the marital share in

husband's VCU pension.  See id.  The order merely changed the plan administrator from VALIC to VRS, a modification that enabled distribution of the original award in the final decree.  Because entering the new ADRO listing VRS as the plan administrator was a "purely ministerial act" permitted by Code § 20-107.3(K)(4), the court did not violate Rule 1:1.  Id.

We are not persuaded by husband's other argument that the court lacked authority to take this corrective action beyond the forty-five days reserved in the July 16, 2018 ADRO.  Although the ADRO retained jurisdiction for "enforcement" and "to allow time for its approval" by the plan administrator, it did not limit the court's authority under Code § 20-107.3(K)(4) "to revise its orders to comply with the language required . . . to effectuate the intended pension award."  Jackson, ___ Va. at ___ (quoting Irwin, 47 Va. App. at 296 n.8).  Code § 20-107.3(K)(4) imposes no time limit on a court's authority to make non-substantive changes to effectuate the intent of the original decree, and we decline to find that the ADRO's forty-five-day period created one.

In his second assignment of error, husband asserts that during trial, wife failed to prove that he had a marital interest in VRS.  He raises this argument for the first time on appeal.  The record does not reflect that husband objected to the court's classification of the VCU pension as a marital asset, nor did he object to the court's division of the pension.  His only post-trial objection was that the court lacked jurisdiction to enter the ADRO which listed VRS as the pension administrator.  Rule 5A:18 bars husband from arguing on appeal that wife did not produce sufficient evidence to establish that he had a marital interest in the VCU pension, administered by VRS.  The rule provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  The contemporaneous objection rule requires both specificity and timeliness "so that the trial judge . . . know[s] the particular point being made in time to do something about it."  Dickerson v. Commonwealth, 58

- 6 -

Va. App. 351, 356 (2011) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 750, adopted upon reh'g en banc, 45 Va. App. 811 (2005)). Because husband failed to make a specific and timely objection, we will not consider his assignment of error concerning the court's classification of the VCU pension as a marital asset.

Finally, husband challenges the court's award of attorney's fees to wife following the March 4, 2019 show cause hearing. He contends that because the court erred in requiring him to draft a new ADRO, it also erred by awarding wife her attorney's fees related to the rule to show cause.

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Richardson v. Richardson, 30 Va. App. 341, 351 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277 (1985).

We find that it was within the court's discretion to award wife her attorney's fees. After wife learned that VRS, not VALIC, was the plan administrator for the VCU pension plan, husband refused wife's request to prepare an ADRO listing VRS as the administrator. At the March 4, 2019 hearing, husband admitted that his VCU pension was still fully funded, which indicated his awareness that the administrator of his pension did not accept the July 16, 2018 ADRO. For these reasons, the court did not abuse its discretion in awarding wife her attorney's fees related to the March 2019 show cause hearing.

Wife requests that this Court award her attorney's fees and costs incurred as a result of defending this appeal. After considering the merits of the appeal, we grant wife's request and remand the matter to the circuit court for the limited purpose of determining the amount wife should be awarded for the fees and costs she expended on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 694-95 (1996).

CONCLUSION

We find that the court had jurisdiction to enter the March 15, 2019 ADRO distributing husband's VCU pension between the parties. Under Rule 5A:18, we will not consider husband's argument challenging the court's classification of his VCU pension as a marital asset. Accordingly, we affirm the March 15, 2019 orders providing for division of the VCU pension and awarding wife her attorney's fees. Further, we award wife her attorney's fees and costs on appeal and remand the case to the circuit court to determine the amount of the award.

<u>Affirmed and remanded.</u>