COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Athey, Causey and Callins
Argued at Winchester, Virginia


KRAIG DANIELSON, ET AL.

                                               MEMORANDUM OPINION[*] BY
v.       Record No. 0546-23-4              JUDGE CLIFFORD L. ATHEY, JR.
                                                            MAY 28, 2024

WINDSWEPT FARM VA, LLC


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James E. Plowman, Jr., Judge

Kraig Danielson, *pro se*.

James F. Davis (James F. Davis, PC, on brief), for appellee.


Kraig Danielson ("Kraig"), *pro se*, appeals from a default judgment entered in the Circuit Court of Loudoun County ("circuit court") jointly and severally against him and Erika Danielson ("Erika") (collectively the "Danielsons") in favor of Windswept Farm VA, LLC ("Windswept Farm").[1]  Kraig argues that the circuit court erred by granting default judgment, asserting that the Danielsons had filed a responsive pleading as allowed by Rule 3:8(b), and were thus not in default. Finding no error, we affirm the circuit court's judgment.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Code § 8.01-271.1(A) requires each *pro se* party to "sign his pleading, motion, or other paper and state his address."  We note that Erika did not sign the notice of appeal Kraig filed in this case, and thus we are without jurisdiction to consider this appeal of the default judgment as it relates to Erika.  "[N]o appeal will be allowed unless, within 30 days after entry of final judgment or other appealable order or decree," *each appellant* proceeding *pro se*, "files with the clerk of the trial court a notice of appeal."  Rule 5A:6(a).

## I. BACKGROUND

After obtaining a judgment for breach of contract against Heatherstone Group, LLC ("Heatherstone"), which is a closely held corporation controlled by the Danielsons, in June of 2022, Windswept Farm also sought to pierce Heatherstone's corporate veil and obtain judgment individually against the Danielsons. Upon being served with Windswept Farm's summons and complaint, the Danielsons, *pro se*, filed only a motion craving oyer seeking production of the contract that served as the basis for the judgment entered in favor of Windswept Farm against Heatherstone. By order dated October 21, 2022, the circuit court denied the Danielsons' motion craving oyer. The circuit court also ordered the Danielsons to file an answer in response to the complaint within 21 days of the entry of the October 21, 2022 order. Instead of answering the complaint within 21 days as ordered by the circuit court, the Danielsons instead moved for a bill of particulars on November 10, 2022.[2]

Windswept Farm never responded to the Danielsons' motion for a bill of particulars, and instead, on February 6, 2023, moved for the entry of a default judgment against Kraig, further requesting a February 24, 2023 hearing to rule on its motion for default judgment. Kraig opposed the motion for default judgment, contending that he was not in default because the November 10, 2022 motion for a bill of particulars he filed was an alternative responsive pleading permitted under Virginia Supreme Court Rule 3:8(a). Kraig then filed a praecipe seeking to schedule a hearing on his motion for a bill of particulars for April 7, 2023, and he also filed a separate motion to continue the February 24 hearing on the motion for default judgment due to a scheduling conflict. The circuit court neither scheduled the April 7, 2023 hearing on Kraig's motion for bill of particulars nor did the court continue the February 24 hearing on Windswept Farm's motion for default judgment.

---

[2] As a *pro se* party may not purport to represent another individual, even if the other individual is their spouse or relative, the term "Danielsons" only describes proceedings where both Erika and Kraig signed the pleadings, which Erika ceased to do after November 10, 2022.

When Kraig failed to appear at the February 24 hearing on Windswept Farm's motion for default judgment, the circuit court found Kraig in default because he had not filed an answer as required by the October 21, 2022 order. Subsequently, by final order dated February 24, 2023, the circuit court entered a default judgment jointly and severally against the Danielsons for $204,291, plus costs. Kraig appeals.

## II. ANALYSIS

### A. *Standard of Review*

"A lower court's interpretation and application of the Rules of the Supreme Court . . . presents a question of law that we review *de novo*." *Mintbrook Devs., LLC v. Groundscapes, LLC*, 76 Va. App. 279, 291 (2022) (alteration in original) (quoting *Cousett v. Commonwealth*, 71 Va. App. 49, 57 (2019)).

### B. *Kraig's challenge to the circuit court's October 21, 2022 order is waived under Rule 5A:18 as the "ends of justice" exception does not apply.*

Kraig first contends that the circuit court erred by ordering the Danielsons to file an answer before they had exhausted all the responsive pleadings he claims that they were entitled to file under Rule 3:8(a). However, since Kraig failed to preserve this assignment of error under Rule 5A:18, we find that the assignment of error is waived.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015).

In addition, Kraig now asserts for the first time on appeal that the circuit court was barred under Rule 3:8 from entering the October 21, 2022 order requiring the Danielsons to file an

- 3 -

answer within 21 days.  Once again, since Kraig also failed to raise this specific argument in the circuit court, he also failed to preserve this assignment of error for appellate review as well.[3]  In an attempt to overcome his acknowledged failure to preserve either assignment of error below, Kraig now invokes the "ends of justice" exception to Rule 5A:18.[4]  This exception "'is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred."  *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220 (1997)).  Hence, we must answer two questions in order to decide whether to apply the exception: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice."  *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)).

First, we hold that the circuit court did not err by ordering the Danielsons to file their answer within 21 days of the October 21, 2022 order denying their motion craving oyer.  In fact, Rule 3:8(b) directly supports the order entered by the circuit court.  *See* Rule 3:8(b) (providing that when a circuit court has "overrul[ed] all motions, demurrers and other pleas filed by a defendant as a responsive pleading, such defendant must, unless the defendant has already done so, file an answer within 21 days after the entry of such order").  Here, the record reflects that the Danielsons failed to comply with the circuit court's order denying their motion craving oyer and

---

[3] In addition to his failure to present this argument to the circuit court, the pages of the record Kraig cites to on brief as showing that he objected to the circuit court's ruling do not in fact show this to be the case.

[4] Kraig also invokes the good cause exception to Rule 5A:18 in his reply brief.  But he did not do so in his opening brief.  Thus, we do not consider it.  *See Stokes v. Commonwealth*, 61 Va. App. 388, 397 (2013) ("Rule 5A:20(e) requires that when an issue has not been preserved for appellate review, the opening brief shall state why the good cause and/or ends of justice exceptions to Rule 5A:18 are applicable."); *see also Palmer v. Atl. Coast Pipeline, LLC*, 293 Va. 573, 580 (2017) (holding that appellant waived argument raised for the first time in reply brief).

ordering that they file an answer in response to the complaint within 21 days. Thus, the circuit court did not err.

Second, even if we assume that the circuit court erred, Kraig has failed to show that the alleged error resulted in a grave injustice. At oral argument, Kraig contended that the "grave injustice" visited upon him as a result of the circuit court's order occurred as a result of his decision to represent himself in the circuit court. He extrapolates from that decision that the entry of the October 21, 2022 order was unjust because he did not have the legal knowledge and experience to understand that he could have requested leave to file a late answer. Here, even though the appellant's *pro se* representation may have hindered his understanding of the rules of court, the rules "appl[y] equally to both *pro se* litigants and those who are represented by counsel." *Newsome v. Newsome*, 18 Va. App. 22, 24-25 (1994). Hence, there can be no "grave injustice" arising from the circuit court's order simply because he chose to appear *pro se* and lacked a detailed understanding of the rules of court. Thus, the ends-of-justice exception cannot be invoked in this case and Kraig's assignment of error is accordingly waived under Rule 5A:18. *See Bass*, 292 Va. at 27.

C. *The circuit court did not err in entering default judgment against the Danielsons.*

Kraig also assigns error to both the circuit court's holding that he was in default as well as the court's subsequent entry of default judgment. In support thereof, he contends that the circuit court misapplied Rule 3:8(a) when ordering that an answer be filed within 21 days after denying his motion craving oyer. Instead, Kraig asserts that, after denying the motion craving oyer, Rule 3:8(a) required the circuit court to permit him to file additional "responsive pleadings" including the motion for bill of particulars. Thus, Kraig interprets Rule 3:8(a) to permit a defendant to continue to file other responsive pleadings until the defendant exhausts every potential responsive pleading and the circuit court overrules "all" such pleadings. It is

- 5 -

only at this juncture, Kraig contends, that the circuit court is permitted to require the defendant to file an answer in response to the complaint. Hence, based on his suggested statutory interpretation, he was permitted to move for the bill of particulars even after the circuit court denied the motion craving oyer filed within 21 days of service of the complaint. As a result, he argues he was not in default. We disagree.

A defendant must file "pleadings in response within 21 days after service of the summons and complaint." Rule 3:8(a). Pleadings filed within 21 days in response to a complaint may include but are not limited to the filing of an answer, a motion craving oyer, a bill of particulars, demurrer, plea in bar, or all of the above. Rule 3:8(a). However, when the circuit court has "overrul[ed] all motions, demurrers and other pleas filed by a defendant as a responsive pleading, such defendant must, unless the defendant has already done so, *file an answer* within 21 days after the entry of such order." Rule 3:8(b) (emphasis added). Hence, "[a] 'defendant who fails to timely file a responsive pleading as prescribed in Rule 3:8 is in default.'" *Specialty Hosps. of Wash., LLC v. Rappahannock Goodwill Indus., Inc.*, 283 Va. 348, 353 (2012) (quoting Rule 3:19(a)).

Here, the Danielsons solely filed a motion craving oyer within 21 days of being served with Windswept Farm's complaint. *See* Rule 3:8(a). Although the Danielsons were permitted to file numerous other responsive pleadings, including an answer, within the initial 21 days following receipt of service of Windswept Farm's complaint, they chose not to do so. Thus, when the circuit court denied their motion craving oyer, the circuit court had ruled on all the responsive pleadings filed within 21 days and was explicitly permitted by statute to order them to file their answer instead of another responsive pleading. Therefore, both Rule 3:8(b) and the circuit court's order consistent therewith required the Danielsons to file their *answer*, not a motion for a bill of particulars or another responsive pleading, within 21 days of the circuit

court's order denying the motion craving oyer. Contrary to Kraig's suggested statutory interpretation permitting the Danielsons to file a motion for a bill of particulars, the Danielsons were not permitted to do so because the circuit court ordered them to file their answer, not another responsive pleading. *See* Rule 3:8(b).[5] In fact, the statutory period applicable to the bill of particulars had passed 21 days from the date the Danielsons were served with the summons and complaint. Thus, the applicable statutory period for filing any responsive pleading other than an answer had long passed when the circuit court denied their motion craving oyer. *See* Rule 3:8(a) ("A defendant must file pleadings in response within 21 days after service of the summons and complaint . . . .").

Moreover, since the Danielsons failed to file their answer or any additional responsive pleadings within 21 days of the receipt of service of the complaint, the circuit court, by denying their motion craving oyer, denied "all motions, demurrers and other pleas" they *had* filed "as a responsive pleading." Rule 3:8(b). Hence, the Danielsons were required by both the Rules of the Supreme Court as well as the circuit court's order to file an answer within 21 days of the circuit court's denial of their motion craving oyer. *See* Rule 3:8(b). Thus, when the Danielsons failed to file an answer as ordered by the circuit court, they were in default and the subsequent default judgment was proper. *See* Rule 3:19(a).

### III. CONCLUSION

For these reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[5] Rule 3:8(b) provides that "[i]f the court *grants* a motion craving oyer, . . . the defendant must file an answer or another responsive pleading within 21 days after plaintiff files the document(s) for which oyer was granted." (Emphasis added).